THE STATE OF OHIO, APPELLEE, *v.* WHITE, APPELLANT.

[Cite as State *v.* White (1985), 18 Ohio St. 3d 340.]

(Nos. 84-302 and 84-751—Decided July 31, 1985.)

*George E. Pattison,* prosecuting attorney, and *Gregory Chapman,* for appellee in case No. 84-302.

*W. Duncan Whitney,* prosecuting attorney, and *Sally Ann Steuk,* for appellee in case No. 84-751.

*Teaford, Rich & Dorsey* and *Jeffrey A. Rich,* for appellant, in case Nos. 84-302 and 84-751.

CLIFFORD F. BROWN, J. Appellant appeals his sentences in the Delaware County and Clermont County courts to this court claiming that the trial courts have surpassed their jurisdiction by imposing a sentence of consecutive terms exceeding the provisions of former R.C. 2929.41(E)(2), now (E)(3), which provide in pertinent part:

"Consecutive terms of imprisonment imposed shall not exceed:

"* * *

"(2) An aggregate minimum term of fifteen years, when the consecutive terms imposed are for felonies other than aggravated murder or murder."

A review of the record in this case reveals appellant's various sentences total forty-two to one hundred eighty-five years. Appellant contends that unless this court acts to modify these sentences, his imprisonment terms are in violation of R.C. 2929.41(E)(2). However, both appellate courts in this cause found that the provisions of R.C. 2929.41(E) are self-executing. The appellate courts therefore reasoned that even though the aggregate minimum sentence is forty-two years, in reality the terms of the statute prevent the actual minimum sentence from exceeding fifteen years.

This issue concerning the self-executing provisions of R.C. 2929.41(E) has been decided by many appellate courts but has never reached this court for review. Therefore, we find today that where a trial court's sentence exceeds the minimum established for consecutive terms, such judgment is not the basis of a reversible error, as the terms of former R.C. 2929.41(E)(2), now (E)(3), are self-executing, automatically operating to limit the aggregate minimum sentencing term to fifteen years. See *State*

v. *Slider* (1980), 70 Ohio App. 2d 283 [24 O.O.3d 387]; *State* v. *Maynard* (June 24, 1976), Franklin App. No. 75AP-676, unreported.

In *State* v. *Slider, supra,* at 289, the appellate court found that even if the defendant's sentence "* * * cumulates to over 15 years with the sentence for parole violations added on, R.C. 2929.41(E)(2) automatically limits the defendant's minimum term to 15 years." Therefore, there is no necessity for modification of the consecutive sentences imposed so as to limit the aggregate minimum term to fifteen years because the effects of the statutory scheme in question are self-executing. In *Maynard, supra,* the Franklin County appellate court again pointed out the absurd consequences that are possible if the provisions of R.C. 2929.41(E)(2) are not viewed as self-executing. The court reasoned that:

"Such a result is almost a necessity where, as here, defendant has been convicted of more than three first degree felonies, and the trial court desires to make the sentences consecutive. Since the minimum term for a first-degree felony is four, five, six, or seven years, it would be impossible for a court to make four such terms consecutive without extending the fifteen year maximum aggregate minimum established by R.C. 2929.41(E)(2)."

Appellant also raises the issue on appeal that the judgment of the Delaware County trial court exceeded its jurisdiction in that it required sentences imposed by the Delaware County court to be served consecutively with sentences in the Clermont County court, which had not yet been imposed. Appellant asserts that a trial court may only order a sentence consecutive to other sentences already imposed in other counties.

R.C. 2929.41(A) provides generally that a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. In R.C. 2929.41(B) the trial court is granted discretion to specify that, "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment." However, this court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro.*

The appellee asserts that there is no need for remanding either case to the trial courts because of the self-executing aspect of R.C. 2929.41(E) automatically operating to limit the aggregate minimum terms imposed by the trial courts.

However, other courts when faced with a similar question have found that trial courts may not enter a sentence to be served consecutively with additional sentences that are not yet entered. See *People* v. *Dennison* (1948), 399 Ill. 484, 78 N.E. 2d 232, and *Bland* v. *State* (1943), 145 Tex. Crim. App. 267, 167 S.W. 2d 761.

When a trial court imposes a sentence and orders it to be served con-

secutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code. The second trial judge must have discretion pursuant to R.C. 2929.41(A) and (B) to fashion the sentence to be imposed as a result of the conviction in his trial court. The sentences imposed by the Delaware County court in this case have taken away the statutory discretion granted the judge in the Clermont County court. It appears, therefore, that the Delaware County court has exceeded the authority granted it by the General Assembly by ordering its sentence to run consecutively with a sentence that had not yet been imposed by the Clermont County court.

Therefore, because of the self-executing provisions of R.C. 2929.41(E)(2) limiting the maximum aggregate minimum sentences to the statutorily imposed fifteen years, we affirm the judgment of the Court of Appeals for Clermont County in case No. 84-302. However, we reverse the judgment of the Court of Appeals for Delaware County in case No. 84-751 which found no error in the judgment of the trial court imposing its sentences to be served consecutively with any future sentence entered in the Clermont County court.

*Judgment affirmed in
case No. 84-302.
Judgment reversed in
case No. 84-751.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.