## State v. Allender
*[Cite as 6 AOA 146]*

Case No. CA-90-2
*Muskingum County, (5th)*
*Decided August 23, 1990*

*W. Allen Wolfe, Muskingum County Prosecutor, for Plaintiff-Appellee.*

*Mark C. Fleegle, Assistant Prosecutor, 28 North Fourth Street, Zanesville, Ohio 43701, for Plaintiff-Appellee.*

*Michael D. Lowe, 59 North Seventh Street, McConnelsville, Ohio 43756, for Defendant-Appellant.*

MILLIGAN, P.J.

A Muskingum County Common Pleas Court jury convicted appellant of aggravated robbery, receiving stolen property, aggravated burglary, gross sexual imposition, and assault. The court sentenced him to 18 1/2 years incarceration. He appeals:

"I. IT WAS ERROR FOR THE COURT TO IMPOSE A 15 YEAR MINIMUM SENTENCE TO RUN CONSECUTIVE TO THE IMPOSITION OF A THREE YEAR MINIMUM SENTENCE AND TO A SIX MONTH SENTENCE OR A TOTAL OF 18 1/2 YEARS AS A MINIMUM SENTENCE IN THIS CASE.

"II. IT WAS ERROR FOR THE COURT TO REFUSE ADMISSION OF TESTIMONY OF PATROLMAN COLLINS AS TO THE CIRCUMSTANCES OF HIS INVESTIGATION AND HIS IMPRESSION THEREOF AS CONTAINED IN HIS OFFICIAL REPORT.

"III. IT WAS PROSECUTIONAL MISCONDUCT IN THE FAILURE OF THE PROSECUTING ATTORNEY TO INFORM THE DEFENDANT OF THE EXCULPATORY CONCLUSIONS REACHED BY PATROLMAN COLLINS SET FORTH IN HIS INITIAL REPORT.

"IV. IT WAS ERROR FOR THE COURT TO PERMIT.THE PROSECUTING ATTORNEY TO REMOVE THE ONE BLACK JUROR, MICHAEL WILLIAMS, BY A PEREMPTORY CHALLENGE IN THAT THE CHALLENGE WAS USED TO ENSURE AN ALL WHITE JURY.

"V. IT WAS ERROR FOR THE COURT TO EXCUSE SHARON GENEE PROCTOR (THE ONLY OTHER BLACK JUROR ON THE PANEL) FOR CAUSE WHEN NO SHOWING WAS MADE FOR ANY OF THE GROUNDS FOR CAUSE SET FORTH IN CRIMINAL RULE 24, PARAGRAPH B."

Appellant struck his probation officer over the head with a radio receiver, resulting in the assault conviction. The receiver was the subject of the receiving stolen property charge.

The other convictions arose from an incident involving a female victim. The victim found appellant in her apartment at 6:00 in the morning. He robbed and sexually molested her. One police officer's report indicated that he was not sure the events actually occurred. This statement was excluded at trial. The report was not provided to appellant prior to trial.

I

We agree with both parties that the sentence imposed exceeded the statutory minimum of 15 years under R.C. 2929.41(E) (3).

"Former R.C. 2929.41(E) (2), now (E) (3), is self-executing, automatically operating to limit the aggregate minimum sentencing term to fifteen years."

*State v. White* (1985), 18 Ohio St. 3d 340, 481 N.E. 2d 596, at syllabus.

We invest confidence in the parole board to discover the error and modify the sentence in accordance with the law.

The first assignment of error is overruled.

## II

Opinion testimony by a lay witness is admissible if it is: "(1) rationally based on the perception of the witness, (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Evid. R. 701. We may reverse only if we find an abuse of discretion. *City of Urbana. ex rel. Newlin v. Downing* (1989), 43 Ohio St. 3d 109, 113, 539 N.E. 2d 140, 145.

Patrolman Collins' statement reads, "I am not really sure that this took place, but it could have happened as described.... I think she may have been mistaken or may be mistaken."

Under Evid. R. 701, this evidence is not clearly admissible, as appellant claims. The statement is ambiguous and contradictory; it is not clear how it would have been helpful to the jury. Testimony as to the other acts and observations of Patrolman Collins was admitted. The court did not abuse its discretion in finding this statement inadmissible.

The second assignment of error is overruled.

## III

Due process requires that the prosecutor make available to the defendant all exculpatory evidence material to guilt or punishment. *Brady v. Maryland* (1963), 373 U.S. 83, 87. The evidence is material only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed. *State v. Johnston* (1988), 39 Ohio St. 3d 48, 61, 529 N.E. 2d 898, quoting *U.S. v. Bagley* (1984), 473 U.S. 667, 682. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.*

Appellant argues that the prosecutor improperly suppressed Patrolman Collins' opinion, expressed in his police report, that the event might not have occurred. This statement was inadmissible at trial. The opinion was internally ambiguous and contradictory. There is not a reasonable probability that appellant would have been acquitted had the report been disclosed.

The third assignment of error is overruled.

## IV

To make a *prima facie* showing of racial discrimination in jury selection, a defendant must show:

"(1) he is a member of a cognizable racial group,

"(2) the prosecutor exercised peremptory challenges to remove venire members of the defendant's race, and

"(3) these facts and other relevant circumstances raise an inference that the State used peremptory challenges to exclude jurors on the basis of race."[1] *Batson v. Kentucky* (1986), 476 U.S. 79, 96.

After a defendant establishes a *prima facie* case, the burden shifts to the prosecutor to provide a neutral explanation for the peremptory challenge, related to the case. *Id.* at 98.

We do not believe appellant established a *prima facie* case of discrimination. There were only two black jurors in the venire: "the prosecutor used a peremptory challenge to remove the first, the second was removed for cause. There are no circumstances which raise an inference that the prosecutor used the peremptory challenge against the juror on the basis of his race.[2]

The prosecutor explained his use of the peremptory challenge as follows:

"The State is exercising its peremptory in regards to Mr. Williams due to the fact that he is approximately the same age as the Defendant and who lives in the same neighborhood as the Defendant lived in. There's a very good likelihood that they were acquaintances or do know each other to some extent, and due to his age and lack of employment, probably either knew or spent a lot of time around the Defendant or people who know the Defendant."

Even if appellant established a *prima facie* case of discrimination, we find this a sufficient, neutral explanation under *Batson*.

The fourth assignment of error is overruled.

## V

Crim. R. 24(B) governs challenges for cause:

"(B) Challenge for cause. A person called as a juror may be challenged for the following causes:

"***

"(14) That he is otherwise unsuitable for any other cause to serve as a juror.

"The validity of each challenge listed in this subdivision shall be determined by the court."

The fact that a juror is acquainted with a witness does not of itself rise to the level of cause for removal. *State v. Woodards* (1966), 6 Ohio St. 2d 14, 22, 215 N.E. 2d 568, *cert. denied,* 385 U.S. 930. However, in this case, the juror in question had dated the defendant in addition to knowing some of the witnesses. The court did not err in dismissing this juror for cause based on these facts.

The fifth assignment of error is overruled.

All assignments of error having been overruled, the judgment and sentence of the Muskingum County Court of Common Pleas is affirmed.

HOFFMAN, J., and SMART, J., concur.

------

[1] Such relevant circumstances include a pattern of strikes against black jurors, and questions and statements during *voir dire* which indicate a discriminatory purpose. *Batson,* at 97.

[2] Appellant argues that the removal of the last black juror for cause with no cause shown raises such an inference. As this juror had dated appellant and knew many of the witnesses, we disagree with this contention.