I concur in the decision reached by the majority in this case but write separately to distinguish same from the opinion expressed by the majority of this court in the matter ofState v. Giannini (Dec. 11, 1998), Mahoning App. No. 97 C.A. 254, unreported. I do so to avoid the appearance of any conflict in these decisions, apparent or otherwise.
In Giannini, supra, the majority determined that the trial court erred in sentencing the defendant to an aggregate incarceration term in excess of the statutory minimum on a total of ten misdemeanor counts. Unlike the situation in the case at bar, the appellant's argument in Giannini was three-fold: first, appellant maintained that his sentence violated R.C. 2929.41(B)(2), which mandates that when consecutive sentences are imposed for misdemeanor crimes, the aggregate term to be served shall not exceed eighteen months; second, appellant complained that the trial court erred in imposing both a maximum fine and a sentence of incarceration; and third, it was appellant's contention that the trial court failed to properly consider all statutory factors which mitigated against incarceration.
Although cognizant of the fact that the Ohio Supreme Court inState v. White (1985), 18 Ohio St.3d 340, found R.C. 2929.41 to be self-executing, automatically operating to limit the aggregate minimum sentencing term, the majority in Giannini,supra reversed the trial court's decision with regards to appellant's sentence and remanded for proper sentencing. This decision was based primarily upon the fact that when a sentence is imposed outside of the statutory limits, a reviewing court cannot presume that the trial court considered the statutory aggravating and mitigating factors in imposing the sentence. (See State v. Wagner (1992), 80 Ohio App.3d 88). Additionally, this court found that the trial court had an affirmative duty to justify its decision to impose both a fine and imprisonment for a misdemeanor and the record was devoid of any evidence to suggest the trial court's justification for doing so. (SeeState v. Polick (1995), 101 Ohio App.3d 428).
Although the sentence rendered by the trial court inGiannini, supra was error, given the self-executing nature of the statute, such judgment was not the sole basis upon which this court found reversible error. In such cases wherein an appellant addresses multi-faceted issues regarding a sentence, it becomes necessary to determine whether the sentence falls within statutory limits, notwithstanding the self-executing nature of the statute, in order that we may then speak to the remaining issues on appeal concerning a given sentence.
In the case at bar, the appellant, Delbert Fowler, was sentenced to not less than fifteen years nor more than life for the charge of murder and received an additional, actual period of incarceration of three years for a firearm specification. On each of the three remaining counts for which appellant was found guilty, he was sentenced to serve not less than ten years nor more than twenty-five years, to be served consecutively. The issue raised by appellant on appeal is not whether his aggregate sentence violated the statutory minimum and thereby constituted reversible error. Rather, appellant raises the issue of whether the three year period of incarceration for the firearm specification is included within the aggregate minimum term of twenty years pursuant to R.C. 2929.41(E)(1), or whether the three year period of incarceration is to be served prior to and in addition to the aggregate minimum term, for a total of twenty-three years. The majority determined that appellant's three year term of imprisonment for the firearm specification is not added to extend his aggregate minimum sentence beyond twenty years. I agree.
The majority in this case further noted that even though the sentence rendered by the trial court was error, such judgment was not the basis of a reversible error pursuant to White,supra. I agree with such finding based upon the facts and circumstances present in this case. However, I would reiterate my position that under appropriate circumstances wherein an appellant cites to numerous alleged errors in sentencing, such as in Giannini, supra, the fact that a sentence is rendered in excess of the statutory minimum limits may become the stepping stone from which we may find reversible error.
APPROVED:
 ---------------------------- EDWARD A. COX, JUDGE
Hon. Gene Donofrio, Hon. Edward A. Cox, Hon. Cheryl L. Waite, JUDGES.