{¶ 26} I respectfully dissent in part. I agree with the majority that the trial court erred when it sua sponte filed the consecutive sentences' entry. I disagree with the majority as to what should happen as a result of the trial court's error. I would vacate the consecutive sentences' entry but would not sua sponte vacate (1) the concurrent sentences' entry and (2) Hankison's pleas to the charges.
 {¶ 27} In my view, Crim.R. 36 allows trial courts to correct clerical errors, not substantive errors. See, e.g., State v. Amey (Mar. 28, 1985), Montgomery App. No. 9012. The state could have appealed the sentence if it felt that the trial court erred. R.C. 2953.08(B)(2). The state waived any error when it failed to appeal. Thus, I would vacate the consecutive sentences' entry and let the concurrent sentences' entry stand.
 {¶ 28} I also disagree with the majority that plain error applies to the Crim.R. 11 plea hearing. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Landrum
(1990), 53 Ohio St.3d 107, 111. Here, Hankison did not suffer a manifest miscarriage of justice. In fact, he benefited from the concurrent sentences. Therefore, I would not sua sponte vacate Hankison's pleas to the charges.
 {¶ 29} Finally, I do not think that the consecutive sentence the trial court should have imposed in this case is self-executing. A sentence that exceeds a statutory maximum sentence is unlawful and the maximum allowable sentence is self-executing. See State v. White (1985),18 Ohio St.3d 340, 342; State v. Armstrong (Apr. 22, 1996), Scioto App. No. 95CA2346. Here, the sentence did not exceed the maximum allowable sentence. The sentence is less than the mandatory sentence, and the state chose not to appeal it. Thus, I do not think that the sentence is self-executing.