OPINION
{¶ 1} Defendant-Appellant, Keith Sears ("Appellant"), appeals a decision by the Wyandot County Common Pleas Court sentencing him for failing to comply with an order or signal of a police officer and for grand theft of a motor vehicle; both sentences to be served consecutively to each other and consecutively to potential sentences not yet imposed from Union County, Ohio and the State of Missouri. Because a trial court may not enter a sentence to be served consecutively with sentences that are to be imposed in futuro, we vacate the trial court's sentence and remand the cause for further proceedings.
 {¶ 2} Facts and procedural posture pertinent to the issues on appeal are as follows. Appellant pled guilty to one fourth degree felony count of grand theft of a motor vehicle, in violation of R.C.2913.02(A)(1), and one third degree felony count of failing to comply with an order or signal of a police officer, in violation of R.C.2921.331(B). At the time of his arrest, Appellant was informed that he had violated parole from the State of Missouri. Moreover, prior to sentencing, Appellant was indicted on another charge of grand theft auto in Union County, Ohio.
 {¶ 3} At sentencing, the trial court imposed a twelve-month sentence for the grand theft conviction and a two-year sentence for Appellant's failure to comply with an order or signal of a police officer. Both of the sentences were ordered to be served consecutively to each other and consecutively to any potential sentences from Union County or Missouri. From this decision, Appellant appeals, asserting the following assignment of error for our review.
 Assignment of Error I {¶ 4} "The trial court erred and acted contrary to law by imposing the sentence in the within matter consecutive to sentences, that at the time of sentencing, had not yet been imposed."
 {¶ 5} Appellant contends that the trial court was without authority to order the sentences herein to be served consecutively to sentences not yet imposed by other courts. Appellant does not raise error with either the length or the consecutive nature of the terms imposed for his actions in this case, but only requests this Court to vacate the portion of his sentence ordering that the terms imposed be consecutive to future sentences potentially entered elsewhere.
 {¶ 6} R.C. 2929.14(E)(4) affords trial courts discretion to order consecutive sentences by providing, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *." The Ohio Supreme Court has previously held that "[w]hen a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, * * * such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code."[1]
In other words, subsequent trial courts must be afforded the same discretion as the initial trial court to fashion a sentence as a result of the conviction before it.[2] Accordingly, the trial court herein has exceeded the authority granted to it by statute, by ordering Appellant's sentences to run consecutively with sentences that had not yet been imposed in Union County or the State of Missouri.
 {¶ 7} R.C. 2953.08 grants appellate courts the authority to increase, reduce, modify, or vacate and remand to the trial court sentences that are contrary to law.[3] In light of our discussion above, we elect to vacate the entirety of the trial court's sentence in this case. In so doing, the trial court will be afforded the discretion to fashion an appropriate sentence. The trial court may impose a longer sentence than was initially imposed or, if sentences have since been imposed upon Appellant in other courts, to properly impose sentences consecutive to them. We find this outcome comports with the discretion afforded to each court sentencing or potentially sentencing Appellant.
 {¶ 8} For these reasons, we sustain Appellant's assignment of error.
 {¶ 9} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, we reverse the decision of the trial court and the matter is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and BRYANT, J., concur.
[1] State v. White (1985), 18 Ohio St.3d 340, 342-43.
[2] Id. at 343.
[3] R.C. 2953.08(G)(2)(b); State v. McNeal (June 18, 2002), Allen App. No. 1-01-158, 2002-Ohio-2981, at ¶ 54-57.