OPINION
{¶ 1} Appellant, Paul J. Chike, appeals from the June 1, 2000 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} On March 23, 2001, appellant was indicted on three counts in connection with a motor vehicle accident that occurred on December 30, 2000. Count one of the indictment was for aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1); count two was for driving under the influence, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1); and, count three was for driving with a prohibited concentration of alcohol in bodily substances, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(2).
 {¶ 3} On May 24, 2001, appellant pleaded guilty to counts one and three of the indictment, and upon application of the prosecutor, the court entered a nolle prosequi on count two. In its June 1, 2001 judgment entry, the Lake County Court of Common Pleas sentenced appellant to five years in prison on count one and six months in prison on count three, with the sentences to be served consecutive to each other and consecutive to the sentence in Cuyahoga County Common Pleas Court case number CR 216341.
 {¶ 4} Appellant has filed a timely appeal of the June 1, 2001 judgment entry and makes the following two assignments of error:
 {¶ 5} "[1.] The trial court erred by sentencing [appellant] to the maximum term of imprisonment on all charges.
 {¶ 6} "[2.] The trial court erred to the prejudice of [appellant] when it ordered consecutive sentences."
 {¶ 7} In his first assignment of error, appellant makes two arguments: first, that the trial court erred in determining that appellant was not remorseful for his actions; and, second, that the trial court erred in finding that appellant committed the worst form of the offense.
 {¶ 8} R.C. 2929.14(C) provides that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." The Supreme Court of Ohio has held that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of thelisted criteria in R.C. 2929.14(C)." (Emphasis added.) State v. Edmonson
(1999), 86 Ohio St.3d 324, 329. In the instant matter, the trial court found on the record that appellant committed one of the worst forms of the offense and that he posed the greatest likelihood of committing future offenses. However, these findings alone are insufficient for the imposition of a maximum sentence. When imposing a maximum sentence, the trial court must also comply with R.C. 2929.19(B)(2)(d), which requires the trial court to give its reasons for imposing the maximum prison term.
 {¶ 9} We will first address whether the trial court made adequate findings to support its conclusion that appellant posed the greatest likelihood of committing future crimes. R.C. 2929.12(D) sets forth five factors that indicate the offender is likely to commit future crimes. The first factor is whether "[a]t the time of committing the offense, the offender was * * * under post-release control * * * for an earlier offense." R.C. 2929.12(D)(1). The third factor is "* * * [t]he offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3). The fourth factor is whether "[t]he offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse. R.C. 2929.12(D)(4). Finally, the fifth factor is "[t]he offender shows no genuine remorse." R.C. 2929.12(D)(5).
 {¶ 10} There is no requirement that more than one of the five factors be present in order for the trial court to determine that the offender poses the greatest likelihood of committing future crimes. Here, it is undisputed that appellant met three of the five factors. The first factor was satisfied because appellant was on parole for an aggravated burglary offense at the time he committed the instant offense. The third and fourth factors were satisfied because appellant had four previous convictions for driving under the influence, as well as convictions for domestic violence, trespassing, and resisting arrest.
 {¶ 11} The trial court made the requisite findings on the record at appellant's sentencing hearing, stating that "[i]n regards to recidivism, [it found] the following factors [made] recidivism likely: That the offense was committed while [appellant] was under community sanctions or on post-release control; that there [was] an extensive previous criminal history; that there [was] a rehabilitation failure after previous convictions, and a failure to respond to past probation or parole. [It found] a pattern of drug or alcohol abuse and that [appellant refused] to seek or accept treatment. [It found] no genuine remorse."
 {¶ 12} Appellant disputes the trial court's finding that he lacked genuine remorse. We would suggest that even without this finding, the sentencing record is sufficient to comply with the mandate of R.C.2929.14(C) with regard to the factors outlined in R.C. 2929.12(D). Nevertheless, we will address this issue. The trial court is in the best position to determine the genuineness of the remorse expressed by a defendant. State v. Portman (May 10, 2002), 2d Dist. No. 2001 CA 44, 2002 WL 940751, at 2, citing State v. Kershaw (1999), 132 Ohio App.3d 243,247. This court did not observe appellant's demeanor when he apologized to the victim. Because the trial court was in a better position to assess appellant's sincerity, we cannot say that it erred in finding that he did not express genuine remorse for his conduct. State v. Nutter (Aug. 24, 2001), 3d Dist. No. 16-01-06, 2001 WL 961748, at 2; State v. Sims (Dec. 9, 1998), 9th Dist. No. 19018, 1998 WL 852954, at 2. Also, appellant's substantial criminal record, as outlined by the prosecution at the sentencing hearing, speaks for itself with respect to appellant's degree of remorse. Consequently, we cannot conclude that the trial court erred in finding that appellant showed no genuine remorse.
 {¶ 13} Finally, the trial court stated at the sentencing hearing that, in view of appellant's previous criminal history and the fact that the offense was committed while appellant was under post-release control, the maximum sentence was necessary to protect the public. Therefore, we conclude that the trial court adequately complied with the mandates of R.C. 2929.14(C) and 2929.19(B)(2)(d) when it sentenced appellant to the maximum term for posing the greatest likelihood of committing future crimes.
 {¶ 14} Appellant also argues that the trial erred in finding that he committed the worst form of the offense. As we noted previously, R.C.2929.14(C) permits the trial court to impose the maximum sentence if the offender committed the worst form of the offense, or posed the greatest likelihood of committing future crimes. Here, the trial court made a well-supported finding that appellant posed the greatest risk of recidivism. On that basis alone, we conclude that appellant's first assignment of error is without merit. It was not necessary for the trial court to make a finding that appellant committed the worst form of the offense in order to give him the maximum sentence; nevertheless, we will address the merits of appellant's argument.
 {¶ 15} As we stated previously, the trial court made the requisite2929.14(C) finding that appellant committed the worst form of the offense. The next issue is whether adequate reasons were given pursuant to R.C. 2929.19(B)(2)(d). At the sentencing hearing, the victim provided harrowing and emotionally charged testimony regarding the injuries he suffered. On the basis of that testimony, the trial court found that appellant had committed the worst form of the offense, because "[a]nything further would have been a homicide." However, this court has previously held that when considering whether a defendant has committed the worst form of the offense, the "trial court should consider the totality of the circumstances, not just an evaluation of [the] victim's injuries." Statev. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4.
 {¶ 16} In the case at hand, the trial court failed to examine the totality of the circumstances with respect to the offense charged. Instead, it referenced only the victim's injuries in determining that appellant committed the worst form of the offense. Because the trial court did not consider the totality of the circumstances surrounding the offense, it did not support its finding of the worst form of the offense with reasoning adequate to satisfy the requirements of R.C.2929.19(B)(2)(d). However, the trial court made a finding that appellant posed the greatest likelihood of committing future crimes and provided reasons to support this finding; therefore, it did not err in imposing the maximum term of imprisonment on appellant.
 {¶ 17} In his second assignment of error, appellant contends that the trial court erred in imposing consecutive sentences. R.C. 2929.14(E)(4) provides:
 {¶ 18} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 19} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 20} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} Additionally, if the trial court chooses to impose consecutive sentences, it must state its reasons for doing so. R.C.2929.19(B)(2)(c).
 {¶ 23} In sum, there are three findings a trial court must make before imposing consecutive sentences: (1) consecutive sentences are necessary to protect the public or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct; and (3) one of the three factors set forth in R.C.2929.14(E)(4)(a), (b) and (c).
 {¶ 24} In the instant matter, the trial court stated at the sentencing hearing that "the offense was committed while [appellant was] under post-release control * * * and that [his] criminal history [showed] maximum and consecutive sentences [were] necessary to protect the public, and that the harm caused was so great that no single sentence [would] adequately [reflect] the seriousness of [appellant's] conduct." Further, In its June 1, 2001 judgment entry, the trial court observed that "consecutive sentences are necessary to protect the public from future crime or to punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and to the danger [he] poses to the public * * * and [appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [appellant]."
 {¶ 25} These statements by the trial court were sufficient to satisfy all three findings required by R.C. 2929.14(E)(4). The trial court found that consecutive sentences were necessary to protect the public and were not disproportionate to the seriousness of appellant's conduct. The trial court also found that consecutive sentences were necessary to protect the public from future crime by appellant, which satisfies R.C. 2929.14(E)(4)(c).
 {¶ 26} At the sentencing hearing, the trial court also stated its reasons for imposing consecutive sentences, telling appellant:
 {¶ 27} "The [c]ourt would think that, with the past criminal offenses that you've engaged in, including the multiple DUIs, that you would have learned something from that and that maybe the government would have caught your attention. And apparently, it's clear to me, that whatever you've received in the past hasn't caught your attention. And [the victim] said it right when he said that this was total irresponsibility.
 {¶ 28} "Based on the foregoing findings and reasons, I am sentencing you to five years in prison on the aggravated vehicular assault, and six months in prison on the prohibited blood alcohol concentration, the terms to be served consecutive * * *."
 {¶ 29} The reasons stated by the trial court in the foregoing colloquy are sufficient to satisfy the requirements of R.C.2929.19(B)(2)(c).
 {¶ 30} Finally, appellant argues that the trial court could not impose consecutive sentences because the sentence in the Cuyahoga County case had not yet been imposed. The rule in Ohio is that a trial court may not impose a sentence and order it to be served consecutively with a future sentence yet to be imposed. State v. White (1985),18 Ohio St.3d 340, 342-343; State v. Dunaway (Dec. 22, 1997), 4th Dist. No. 97 CA 927, 1997 WL 802666, at 2. The imposition of consecutive sentences by the first trial judge "interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code." White,18 Ohio St.3d at 343.
 {¶ 31} It is not clear from the record if appellant had been sentenced in the Cuyahoga County case prior to his sentencing hearing in the instant matter. If, on remand, the trial court determines that appellant had not yet been sentenced in the Cuyahoga County case at the time of the May 24, 2001 sentencing hearing, then the trial court exceeded its authority in imposing consecutive sentences.
 {¶ 32} For the foregoing reasons, appellant's second assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded to the Lake County Court of Common Pleas for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., MARY DEGENARO, J., Seventh Appellate District, sitting by assignment, concur.