OPINION
{¶ 1} Defendant-appellant Vaughn S. Ferguson ("Ferguson") brings this appeal from the judgment of the Court of Common Pleas of Union County finding him guilty of carrying a concealed weapon.
 {¶ 2} On May 21, 2001, Ferguson was stopped for traffic violations and subsequently arrested for driving under the influence. Ferguson had a passenger with him when he was stopped. Officer Jason Nichols ("Nichols") handcuffed Ferguson, performed a cursory pat down search, and placed Ferguson in the rear of the cruiser. Nichols then went to assist Officer Roger Wessell ("Wessell"), who was involved in a heated discussion with the passenger. While assisting Wessell, Nichols observed Ferguson moving around in the cruiser, but was unable to determine what Ferguson was doing. Once finished with the passenger, Nichols returned to the cruiser, removed Ferguson from the back seat and proceeded to perform a thorough pat down search. Nichols found nothing substantial on Ferguson. Nichols then took Ferguson to the Marysville Police Department.
 {¶ 3} At the station, a search was conducted of Ferguson's pockets. Two .22 short rounds were found in Ferguson's pants pocket. Since Ferguson was unable to post bond, Nichols transporter Ferguson to the Tri-County Jail. Nichols observed Ferguson lying on the backseat of the cruiser. Once at the jail, Nichols removed the defendant from the cruiser and locked it. Nichols then left the prisoner at the jail and returned to the cruiser. Having observed Ferguson's unusual behavior, Nichols decided to search his cruiser before leaving. Wedged behind the rear seat was a .22 caliber derringer. Ferguson was then indicted on one count of carrying a concealed weapon with a finding of a prior conviction making it a felony of the fourth degree.
 {¶ 4} On June 25, 2002, the case was tried before a jury. The jury found Ferguson guilty as charged and found that he had previously been convicted of carrying a concealed weapon. The trial court sentenced Ferguson to 17 months in prison, to be served consecutively to any sentence to be imposed in Montgomery County, and granted no credit for time served. It is from this judgment that Ferguson raises the following assignments of error.
 {¶ 5} "It was error for the lower court to deny [Ferguson's] motion for dismissal since the CCW statute relied upon for prosecution by the state of Ohio is unconstitutional.
 {¶ 6} "The court erred by not granting a Rule 29 dismissal on the basis that the substantial weight of the evidence indicated that the firearm was not operable or readily made operable by [Ferguson] at the time he possessed it.
 {¶ 7} "The finding by the jury that the gun was operable or readily made operable was against the manifest weight of the evidence.
 {¶ 8} "It was against the manifest weight of the evidence for the jury to find there was a prior CCW conviction.
 {¶ 9} "The court erred by ordering [Ferguson's] sentence to be consecutive to an unimposed sentence not yet ordered by another jurisdiction and failed to give jail time credit."
 {¶ 10} In the first assignment of error, Ferguson claims that the statute prohibiting the carrying of a concealed weapon is unconstitutional. In support of this argument, Ferguson cites Klein v.Leis (2002), 146 Ohio App.3d 526, 2002-Ohio-1634, 767 N.E.2d 286, which found Ohio's carrying concealed weapons statute to be unconstitutional.[1] However, the Supreme Court of Ohio has previously held that the statute is constitutional.
 {¶ 11} "In State v. Neito * * *, the court found to be constitutional a statute prohibiting the carrying of concealed weapons, stating, at page 413, that:
 {¶ 12} "'* * * The statute does not operate as a prohibition against carrying weapons, but as a regulation of the manner of carrying them. The gist of the offense is the concealment. The constitution contains no prohibition against the legislature making such police regulations as may be necessary for the welfare of the public at large as to the manner in which arms shall be borne.'" Mosher v. Dayton (1976),48 Ohio St.2d 243, 247, 358 N.E.2d 540.
 {¶ 13} The Supreme Court of Ohio has recognized that the Ohio constitution provides individuals with the right to bear arms. Arnold v.Cleveland (1993), 67 Ohio St.3d 35, 616 N.E.2d 163. However, this right is not absolute. Id. The Supreme Court held that firearm controls are within the scope of the state's police power. Id. (citing Mosher, supra). Since the Supreme Court has found statutes prohibiting the carrying of concealed weapons to be valid exercises of the state's police power and, thus, constitutional, that is the current law in Ohio. Thus, we cannot find the statute to be unconstitutional. The statute in question still only regulates the manner in which weapons may be carried. Given the current state of the law in Ohio, Ferguson's first assignment of error is overruled.
 {¶ 14} In the second assignment of error, Ferguson claims that his motion to dismiss should have been granted because the evidence did not show that the weapon was operable or readily made operable at the time of the offense. "The court on motion of a defendant * * * after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29. A trial court's decision to deny a motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational fact finder could have found the essential elements of the charge proven beyond a reasonable doubt. Statev. Dennis (1997), 79 Ohio St.3d 421, 683 N.E.2d 1096.
 {¶ 15} In this case, the State provided the testimony of its expert that he had attempted to fire the weapon, but it did not fire. The expert then brushed on some WD-40 and attempted to fire again. This time the weapon fired. The expert testified that very little effort was necessary to get the gun to fire and that it was operable. Tr. 159-60. Additionally, Wessell testified that he had found the bullets that were fired in Ferguson's pocket. When asked where the gun was, Ferguson told Wessell that "it was in Dayton, that he had been shooting in Dayton, and that he had evidently forgotten to take those bullets out of his pocket." Tr. 131. From the testimony of the expert and from the statements made by Ferguson himself, a reasonable jury could conclude that the weapon was operable or readily made operable. Thus, the trial court did not err in overruling the motion to dismiss and the second assignment of error is overruled.
 {¶ 16} Next, Ferguson claims that the jury's finding that the weapon was operable or readily made operable was against the manifest weight of the evidence.
 {¶ 17} "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find thegreater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" State v. Thompkins (1997)78 Ohio St.3d 380, 387, 678 N.E.2d 514 (citing Black's Law Dictionary (6 Ed. 1990) 1594).
 {¶ 18} Here, Ferguson claims that because there was no evidence that the gun was operable while in the possession of Ferguson, that the conviction is against the manifest weight of the evidence. However, the testimony of Wessell was that Ferguson admitted that he had been firing a weapon to which those bullets belonged in Dayton. The jury could infer from this statement that the weapon was operable at the time that Ferguson had possession of the weapon and was firing it. In addition, the expert testified that in his opinion, the weapon was operable when he examined it. Given this testimony, the jury could reasonably conclude that the weapon was operable or readily made operable. Thus, the verdict is not against the manifest weight of the evidence and the third assignment of error is overruled.
 {¶ 19} Ferguson argues in the fourth assignment of error that the jury's finding that he had a prior conviction for carrying a concealed weapon was against the manifest weight of the evidence. At trial, Officer Gary Mader ("Mader") of the Fairborn City Police testified that Ferguson was arrested for carrying a concealed weapon. Tr. 174. Mader also testified that Ferguson was found guilty of the charge. Tr. 175. In addition, a certified copy of the entry of judgment in the prior conviction was admitted. The entry states that Ferguson was charged with carrying a concealed weapon and that on October 14, 1999, Ferguson was sentenced to a fine of $100 and 60 days in jail, suspended on the condition that he complete 20 hours of community service. Although the judgment entry is not complete in that the trial court's finding of guilt is not evidenced, the testimony of the officer from his personal knowledge of the verdict is sufficient to overcome this flaw.
 {¶ 20} "R.C. 2945.75(B) mandates that whenever a case necessitates proof of a prior conviction, `a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case * * * is sufficient to prove such prior conviction.' Ohio courts have held that R.C. 2945.75 provides one means of proving a prior conviction but not the only one. * * * These cases indicate that despite a technical error in a judgment entry or in absence of one, the State can prove existence of a prior conviction through testimony at trial that links the defendant to a prior conviction." State v. Harrington, 3rd Dist. No. 8-01-20,2002-Ohio-2190 (citations omitted).
 {¶ 21} In Harrington, this court found that the incomplete judgment entry was insufficient to prove a prior conviction when there was no testimony that the defendant in the first case is the same person as the defendant in the present case. However, this case is different because there was direct testimony by Mader that the defendant in this case was the same person convicted in the prior case. Mader also testified that he knew from personal knowledge that Ferguson had been found guilty of carrying a concealed weapon. This testimony provides evidence for the jury that Ferguson was previously convicted of carrying a concealed weapon even though the journal entry does not provide a finding of guilt. Thus, the evidence is sufficient to establish that Ferguson had a prior conviction for carrying a concealed weapon. The fourth assignment of error is overruled.
 {¶ 22} Finally, Ferguson argues that the trial court erred in ordering his sentence to be consecutive to that to be imposed by Montgomery County and in not granting time served. At the time Ferguson was sentenced in Union County, he had not yet been sentenced in Montgomery County.
 {¶ 23} "[T]he grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence in futuro. * * * When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code." State v.White (1985), 18 Ohio St.3d 340, 342, 481 N.E.2d 596.
 {¶ 24} This court has recently dealt with this very issue. InState v. Sears 3rd Dist. No. 16-02-07, 2002-Ohio-6257, this court held that when a trial court imposes a sentence to be served consecutively to future sentences, the trial court has exceeded its authority. Id. at ¶ 6. Thus, the trial court in this case has exceeded its authority by ordering the sentence to be served consecutively to that to be imposed by Montgomery County.
 {¶ 25} Additionally, Ferguson claims that he is entitled to credit for the time he spent in the Montgomery County jail awaiting trial. The State claims that Montgomery County would be the court to grant credit for the time served. A prison term shall be reduced by the number of days that a prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced. R.C. 2967.191. There is no law in Ohio "which would require a sentencing court to credit time served in another jurisdiction for another offense." State v. Moening
(Feb.22, 1995) Allen App. No. 1-94-34, unreported.
 {¶ 26} "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v. Zuder (Feb.7, 1997) Champaign App. No. 96-CA-11, unreported.
 {¶ 27} In this case, Ferguson was held in the Montgomery County Jail for charges filed in Montgomery County. Ferguson was transported to Union County for hearings and trial. Since the reason Ferguson was held in Montgomery County on Montgomery County charges, that time served should be credited to the Montgomery County sentence. However, the record does not reveal whether Ferguson was given full credit for that time.[2]
Thus, the trial court should review the matter to determine that Ferguson receives full credit for all time served as required by statute. The fifth assignment of error is sustained.
 {¶ 28} The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
 WALTERS and SHAW, JJ., concur.
[1] This case is currently before the Ohio Supreme Court. At this time, no decision has been released.
[2] Montgomery County may have subtracted the time spent in Union County from the total calculation of time served.