The STATE of Ohio, Appellee,

v.

ALEXANDER, Appellant.

[Cite as *State v. Alexander,* 162 Ohio App.3d 333, 2005-Ohio-3564.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–942.

Decided July 14, 2005.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, for appellee.

Yeura R. Venters, Public Defender, and David L. Strait, for appellant.

DESHLER, Judge.

{¶ 1} On December 11, 2003, defendant-appellant, Lashell A. Alexander, was indicted on four counts of robbery in violation of R.C. 2911.02 stemming from an incident on December 4, 2003. On June 16, 2004, defendant entered a guilty plea to one count of the stipulated lesser included offense of attempted aggravated assault in violation of R.C. 2923.02 as it relates to R.C. 2903.12. Upon application of the prosecution, the court entered a nolle prosequi on the remaining three counts of the indictment. The matter was continued for sentencing.

{¶ 2} At the August 13, 2004 sentencing hearing, counsel for defendant discussed the contents of a presentence-investigation report. Counsel indicated that at the time of the offense, defendant was on probation resulting from a conviction in federal court. Counsel also indicated that she had contacted federal authorities and advised them of defendant's guilty plea. The court imposed sentence as follows:

Ms. Alexander, impose sentence of six months in the state penitentiary. Nineteen days jail credit.

And if there's any probation violation this sentence is going to run consecutive with any violation you get.

{¶ 3} The trial court journalized the conviction and sentence by judgment entry filed August 17, 2004. Defendant timely appealed, asserting a single assignment of error:

The trial court erred in ordering the sentences to be served consecutively to "any probation violation" without specifically finding the factors enumerated in R.C. 2929.14(E)(4).

{¶ 4} Defendant contends that the trial court erred when it ordered the sentence to be served consecutively to any future sentence imposed by the federal court resulting from the probation violation without specifically finding the factors enumerated in R.C. 2929.14(E)(4).

{¶ 5} The state properly concedes that the trial court was without authority to order the sentence imposed herein to be served consecutively to a sentence not yet imposed by the federal court. The essence of the trial court's sentence is that if sometime in the future the federal court imposes a sentence of imprisonment upon defendant based upon her probation violation, the sentence imposed in the instant case would run consecutively to that sentence.

{¶ 6} At the time of the offense, R.C. 2929.41(A) provided: "Except as provided in * * * division (E) of section 2929.14 * * * of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C.

2929.14(E)(4) affords a trial court discretion to order consecutive sentences by providing that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively." In *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d 596, the Ohio Supreme Court discussed the nature of the trial court's discretion in imposing consecutive sentences, stating, "[T]his court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*." Id. at 342, 18 OBR 381, 481 N.E.2d 596. The court further stated that "[w]hen a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, * * * such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences." Id. at 342–343, 18 OBR 381, 481 N.E.2d 596. In other words, subsequent trial courts must be afforded the same discretion as the initial trial court to fashion a sentence as a result of a conviction before it. Id. at 343, 18 OBR 381, 481 N.E.2d 596. Here, pursuant to *White*, the trial court exceeded the authority granted to it by statute by ordering defendant's sentence to run consecutively with a sentence that is yet to be imposed by the federal court.

{¶ 7} R.C. 2953.08 grants an appellate court the authority to increase, reduce, modify, or vacate and remand to the trial court a sentence that is contrary to law. See R.C. 2953.08(G)(2)(b). In light of the foregoing discussion, we opt to vacate the trial court's sentence in this case and remand the cause for resentencing. As a result, the trial court will be afforded the discretion to fashion an appropriate sentence. If prior to the resentencing hearing the federal court imposes a sentence upon defendant resulting from the probation violation, the trial court may properly impose a sentence consecutive to that sentence, provided that the trial court complies with the requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) and the Ohio Supreme Court's holding in *State v. Comer*, 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473.

{¶ 8} For the foregoing reasons, defendant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed,
and cause remanded for resentencing.

SADLER and MCGRATH, JJ., concur.

DESHLER, J., retired from the Court of Appeals, Tenth District, sitting by assignment.