[Cite as *State v. Falke*, 2013-Ohio-4685.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CAA 03 0020 |
| BOBBY J. FALKE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Delaware County Court of
                                   Common Pleas, Case No. 12-CR-I-11-0442


JUDGMENT:                          Reversed and Remanded


DATE OF JUDGMENT ENTRY:            October 21, 2013


APPEARANCES:


For Plaintiff-Appellee             For Defendant-Appellant


CAROL HAMILTON O'BRIEN             JOHN R. CORNELY
Prosecuting Attorney               21 Middle Street
ERIC C. PENKAL                     P.O. Box 248
Assistant Prosecuting Attorney     Galena, Ohio 43021
140 N. Sandusky Street 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1} Defendant-appellant Bobby J. Falke appeals the February 25, 2013 sentence entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

PROCEDURAL HISTORY[1]

{¶2} On November 15, 2012, the Delaware County Grand Jury returned a three count indictment against Appellant, charging him with receiving stolen property, in violation of R.C. 2913.51; burglary, in violation of R.C. 2911.12(A)(2); and theft, in violation of R.C. 2913.02(A)(1).

{¶3} On January 22, 2013, Appellant entered a plea of guilty to burglary, in violation of R.C. 2911.12(A)(3), a lesser included charge to the burglary count charged in the indictment. The state dismissed the remaining counts.

{¶4} On February 25, 2013, the trial court sentenced Appellant to thirty months in prison to run consecutive to Licking County Case No. 09 CR 330.

{¶5} In Licking County Case No. 09 CR 330, the Licking County Court of Common Pleas sentenced Appellant to three years of community control on December 4, 2009. The court informed Appellant if he violated the terms of his community control, he would be sentenced to a term of three years in the state penitentiary.

{¶6} In Licking Case No. 09CR330, the state filed a motion to revoke Appellant's community control on March 21, 2013. On May 6, 2013, the trial court revoked Appellant's community control and ordered Appellant serve a stated prison term of three years at the Orient Reception Center. The court ordered the sentence run

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

consecutively with the sentence imposed herein and in Franklin County Common Pleas Court Case No. 08CR5593.

{¶7}   Here, Appellant appeals his February 25, 2013 sentence in the Delaware County Court of Common Pleas, assigning as error:

{¶8}   "I. THE SENTENCE IN THIS CASE IS CONTRARY TO LAW AS THE TRIAL COURT LACKED THE ABILITY TO ORDER THE PRISON SENTENCE TO RUN CONSECUTIVE TO ANY POSSIBLE FUTURE PRISON SENTENCE IMPOSED BY LICKING COUNTY, OHIO COMMON PLEAS COURT FOR APPELLANT'S VIOLATION OF COMMUNITY CONTROL SANCTIONS PREVIOUSLY IMPOSED BY THAT COURT."

I.

{¶9}   Previously, in *State v. Malcolm*, Licking App. No. 03CA09, 03CA10, 2003-Ohio-5629, this Court held,

{¶10}  "Appellant maintains the trial court erred and/or abused its discretion in sentencing appellant. Specifically, appellant challenges the trial court's imposing the sentence in 02–CR–00399 consecutive to the sentences yet to be announced in 94–CR–00404 and 95–CR–00065. Appellant notes, at the time of sentencing on the felony fleeing charge, the trial court had neither revoked appellant's probation or sentenced appellant on the previous cases. Appellant argues the trial court could not have known at the time it sentenced appellant on felony fleeing, if probation would be revoked, nor what sentences would be imposed in the prior cases, if any.

{¶11}  "Appellant relies upon *State v. Watson* (1992), 76 Ohio App.3d 258, 601 N.E.2d 230, asserting a court cannot sentence a defendant to a term which will run

consecutive to a sentence which will be imposed at some future time. The Twelfth District held, 'A trial court may not enter a sentence to be served consecutively with sentences that are to be imposed in futuro. *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d 596.'

**{¶12}** "In *State v. White,* supra, the Ohio Supreme Court stated:

**{¶13}** "'Appellant also raises the issue on appeal that the judgment of the Delaware County trial court exceeded its jurisdiction in that it required sentences imposed by the Delaware County court to be served consecutively with sentences in the Clermont County court, which had not yet been imposed. Appellant asserts that a trial court may only order a sentence consecutive to other sentences already imposed in other counties* * *

**{¶14}** "' * * *this court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro.*

**{¶15}** "' * * * When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code. The second trial judge must have discretion pursuant to R.C. 2929.41(A) and (B) to fashion the sentence to be imposed as a result of the conviction in his trial court. The sentences imposed by the Delaware County court in this case have taken away the statutory discretion granted the judge in the Clermont County court. It appears, therefore, that the Delaware County

court has exceeded the authority granted it by the General Assembly by ordering its sentence to run consecutively with a sentence that had not yet been imposed by the Clermont County court.'

{¶16} "In the case sub judice, Judge Spahr sentenced appellant regarding the felony fleeing charge, and ran the sentence consecutive to the sentences imposed in 94–CR–00404 and 95–CR–00065, which were addressed one day following Judge Spahr's ruling.

{¶17} "Appellant's probation violation hearing and the criminal charge of felony fleeing are separate and distinct matters. The probation violation finding is not a second penalty for a new offense, but rather involves reimposition of the original sentence. As appellant had previously been sentenced in both 94–CR–00404 and 95–CR–00065, the sentences were not in futuro but rather sentences now being reimposed due to the revocation of appellant's probation. Accordingly, we find appellant's reliance on *Watson* and *White* unpersuasive."

{¶18} In *Malcolm*, above, Appellant had previously began serving his prison sentence, was released on probation, and then his sentence was then reimposed due to revocation of his probation. The case herein is distinguishable from the procedural scenario presented in *Malcolm*. Here, Appellant was sentenced to three years of community control sanctions in Licking Co. Case No. 09 CR 330. The trial court informed Appellant if he violated the terms and conditions of his community control sanction he would be sentenced to a term of three years in the state penitentiary. We find the warning of a possible prison sentence for a future community control violation is not a sentence already imposed, but a sentence to be imposed in the future. The

Licking County Court of Common Pleas had yet to impose Appellant's sentence for violating the terms of his community control. Accordingly, we find the procedural posture presented in this case distinguishable from those presented to us in *Malcolm.*

**{¶19}** The Tenth District held in *State v. Alexander*, Franklin App. No. 04AP-942, 2005-Ohio-3564,

**{¶20}** "Defendant contends that the trial court erred when it ordered the sentence to be served consecutively to any future sentence imposed by the federal court resulting from the probation violation without specifically finding the factors enumerated in R.C. 2929.14(E)(4)

**{¶21}** "The state properly concedes that the trial court was without authority to order the sentence imposed herein to be served consecutively to a sentence not yet imposed by the federal court. The essence of the trial court's sentence is that if sometime in the future the federal court imposes a sentence of imprisonment upon defendant based upon her probation violation, the sentence imposed in the instant case would run consecutively to that sentence.

**{¶22}** "At the time of the offense, R.C. 2929.41(A) provided: 'Except as provided in * * * division (E) of section 2929.14 * * * of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States.' R.C. 2929.14(E)(4) affords a trial court discretion to order consecutive sentences by providing that '[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively.' In *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d

596, the Ohio Supreme Court discussed the nature of the trial court's discretion in imposing consecutive sentences, stating, '[T]his court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro.*' Id. at 342, 18 OBR 381, 481 N.E.2d 596. The court further stated that '[w]hen a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, * * * such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences.' Id. at 342–343, 18 OBR 381, 481 N.E.2d 596. In other words, subsequent trial courts must be afforded the same discretion as the initial trial court to fashion a sentence as a result of a conviction before it. Id. at 343, 18 OBR 381, 481 N.E.2d 596. Here, pursuant to *White,* the trial court exceeded the authority granted to it by statute by ordering defendant's sentence to run consecutively with a sentence that is yet to be imposed by the federal court."

{¶23} The Tenth District recently held in *State v. Livesay*, Franklin App. No. 12AP-181, 2012-Ohio-5039,

{¶24} "Defendant admits R.C. 2929.15(B)(1)(c) authorized the trial court to impose a prison term and further acknowledges the trial court did not exceed the 17–month prison term specified in the notice the court gave defendant at the time it sentenced him in 2011. Relying on *State v. White,* 18 Ohio St.3d 340 (1985), defendant nonetheless asserts the trial court erred in imposing a sentence for defendant's violation of community control to be served consecutively to a case that did not exist at the time

of defendant's February 17, 2011 sentencing. In discussing consecutive sentences, *White* stated 'this court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*.' *Id.* at 342.

{¶25}  "The trial court did not order defendant's 13–month sentence to be served consecutively to a non-existing sentence; the Delaware County sentence preceded imposition of the Franklin County 13–month sentence. Although defendant was advised at his February 17, 2011 sentencing hearing of his potential 17–month sentence were he to violate the terms of his community control, those months, as the parties seem to agree, were not imposed until defendant violated the terms of his community control, at which time the Delaware County conviction had resulted in the 18–month sentence defendant was serving in another correctional institution. Indeed, defendant acknowledges no Ohio court has applied *White* in the manner he suggests."

**{¶26}** In accordance with *White, Alexander* and *Livesay*, Appellant's sentence in the Delaware County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Delaney, J. concur,

Wise, J.  dissents

 

_____
HON. WILLIAM B. HOFFMAN

 

_____
HON JOHN W. WISE

 

_____
HON. PATRICIA A. DELANEY

*Wise, J., dissenting*

(¶27) I respectfully dissent from the majority decision in this matter. I find the situation in *Malcolm* is not distinguishable. I find *Malcolm* stands for the basic proposition that a sentence "reimposed" due to revocation of a defendant's probation is not considered an *in futuro* sentence. *See Malcolm* at ¶24. I find that proposition is applicable even if, as here, the original sentence in the earlier case consisted of an order of community control. Moreover, R.C. 2929.01(E) categorizes community control as a "sanction," not as a form of deferred sentencing.

(¶28) Accordingly, I conclude the decision reached by the trial court in the case sub judice was within the bounds of its sentencing discretion.

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BOBBY J. FALKE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 13 CAA 03 0020 |

For the reason stated in our accompanying Opinion, Appellant's sentence in the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.  Costs to the state.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY