[Cite as *State v. Kavanagh*, 2021-Ohio-4368.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  6-21-07

    v.

DEREK TODD KAVANAGH,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20202139

Judgment Reversed and Cause Remanded

Date of Decision:   December 13, 2021

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *McKenzie J. Klinger* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Derek Todd Kavanagh ("Kavanagh"), appeals a judgment of the Hardin County Court of Common Pleas sentencing him upon his convictions for endangering children and voyeurism; both sentences to be served concurrently but consecutively to a potential sentence not yet imposed in another Hardin County case, with these aggregated sentences to be served consecutively to a Logan County sentence Kavanagh is currently serving.

*Procedural History*

{¶2} On November 16, 2020, Kavanagh was indicted in a nine-count indictment on two counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; two counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the second degree; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; one count of gross sexual imposition in violation of R.C. 2907.05(B), a felony of the third degree; one count of voyeurism in violation of R.C. 2907.08(A), a misdemeanor of the first degree; and one count of voyeurism in violation of R.C. 2907.08(C), a felony of the fifth degree. Kavanagh entered a plea of not guilty upon arraignment.

{¶3} On May 17, 2021, Kavanagh withdrew his previously tendered not guilty plea and entered an *Alford* plea of guilty (pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970)) to an amended Count Three, which changed the offense to endangering children, a third degree felony, and Count Eight of misdemeanor

-2-

voyeurism. In exchange for Kavanagh entering the *Alford* plea, the State agreed to dismiss all remaining counts. The trial court accepted the plea, found Kavanagh guilty, and ordered a presentence investigation.

{¶4} The trial court then held a sentencing hearing on June 3, 2021. Following the hearing, the trial court sentenced Kavanagh to a prison term of 30 months for endangering children and 180 days of local incarceration for voyeurism, to be served concurrently with the prison term pursuant to statute. The trial court specifically ordered the 30 months prison term herein "to be served consecutively to the 24 months prison term in Hardin County Common Pleas Court case number CRI 20202061, should it be imposed, for a non-mandatory aggregated prison term of 54 months." June 4, 2021 Entry of Sentence, p. 5. The trial court further ordered the non-mandatory aggregated prison term of 54 months to be served consecutively to the prison term imposed in Logan County Common Pleas Court case number CR 17 09 0296, which Kavanagh is currently serving. The trial court also ordered Kavanagh to register as a Tier I sex offender.

{¶5} From this judgment, Kavanagh appeals and raises the following assignment of error for review:

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN SENTENCING APPELLANT AS THE RECORD DOES NOT SUPPORT CONSECUTIVE SENTENCES, AND/OR THE CONSECUTIVE SENTENCES ARE CONTRARY TO LAW.**

{¶6} Kavanagh raises three arguments under this assignment of error, as follows: the record does not support the trial court's imposition of consecutive sentences, or any sentence greater than the minimum allowed; the trial court did not make all of the required findings to impose consecutive sentences; and the trial court was not permitted to make his sentences consecutive to a "tolled" sentence of supervision in another Hardin County case.

{¶7} We begin with Kavanagh's argument that the trial court was not permitted to order the sentences herein to be served consecutively to a sentence not yet imposed in another case because it is dispositive of this appeal. R.C. 2929.14(C)(4) affords a trial court discretion to order consecutive sentences by providing, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *." This Court has held that when a trial court orders a sentence to run consecutively to sentences that had not yet been imposed, the trial court has exceeded the authority granted to it by statute. *State v. Ferguson*, 3d Dist. Union No. 14-02-14, 2003-Ohio-866, ¶ 24; *State v. Sears*, 3d Dist. Wyandot No. 16-02-07, 2002-Ohio-6257, ¶ 6. In so deciding, this Court relied on the Ohio Supreme Court's guidance set forth in *State v. White*, 18 Ohio St.3d 340, 342 (1985):

> **"[T]he grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*. * * * When a trial**

> **court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, \* \* \* such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code."** *State v. White* **(1985), 18 Ohio St.3d 340, 342.**

*Ferguson* at ¶ 23.

{¶8} Thus, the trial court in this case imposed a sentence which exceeded the scope of its authority under the statute by ordering Kavanagh's sentences to run consecutively with a sentence that had not yet been imposed in Hardin County.

{¶9} R.C. 2953.08(G)(2) grants appellate courts the authority to increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand to the trial court sentences that are contrary to law. R.C. 2953.08(G)(2)(b); *Sears* at ¶ 7. As we observed in *Sears*, in vacating the entirety of the trial court's sentence, "the trial court will be afforded the discretion to fashion an appropriate sentence." *Sears* at ¶ 7. "We find this outcome comports with the discretion afforded to each court sentencing or potentially sentencing [an] Appellant." *Id.* For the same reasons, we elect to vacate the entirety of the trial court's sentence in this case.

{¶10} For the foregoing reasons, we sustain Kavanagh's assignment of error.

**{¶11}** Having found prejudicial error to Kavanagh herein, in the particulars assigned and argued, we reverse the decision of the trial court and the matter is remanded for further proceedings in accordance with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**