[Cite as *State v. Murphy*, 2022-Ohio-1551.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DANIEL PATRICK MURPHY,

    DEFENDANT-APPELLANT.

CASE NO. 6-21-11

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20212070

Judgment Reversed and Cause Remanded

Date of Decision:  May 9, 2022

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *Andrew R. Tudor* for Appellee

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Daniel P. Murphy ("Murphy") brings this appeal from the judgment of the Court of Common Pleas of Hardin County sentencing him to 18 months in prison and ordering the sentence to be served consecutive to that in a federal case. Murphy argues on appeal that the imposition of consecutive sentences in this case is contrary to law. For the reasons set forth below, the judgment is reversed.

**{¶2}** On October 6, 2021, Murphy entered a guilty plea to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), 2925.11(C)(1)(b), a felony of the third degree. Doc. 47. The trial court proceeded to sentence Murphy immediately. Doc. 48. The trial court ordered Murphy to serve a prison term of 18 months and ordered that the sentence be served consecutive to the sentence previously imposed in United States District Court for the Northern District of Ohio case number 3: 19CR00354. Doc. 48 at 4. At the time of the sentencing, Murphy had been sentenced to supervision in the federal case, but did have a violation pending. Tr. 5. The possible changes to the terms of supervision in the federal case were still pending at the time of the sentencing hearing. Tr. 38-39. The parties all chose to go forward with the sentencing at that time rather than waiting for a pre-sentence investigation to be completed. Tr. 37. The federal hearing was scheduled for November 1, 2021. Tr. 43. The trial court then apparently ordered that the Ohio sentence be served consecutively to whatever sentence the federal court chose to

impose at the November 1, 2021 hearing. Tr. 50. The trial court entered its judgment entry reflecting its decision on October 7, 2021. Doc. 48. Murphy appealed from this judgment and raised the following assignment of error.

> **The trial court erred when sentencing [Murphy] as the record does not support consecutive sentences and/or the consecutive sentences are contrary to law.**

{¶3} Murphy's sole assignment of error is that the trial court erred by ordering the sentence in this case be served consecutive to that in the federal case. We agree. At the time the sentence was imposed by the trial court, the sentence in the federal court was supervision without a prison element, though he had a violation of his supervision pending. So, imposing a prison term consecutive to what was, at that time, zero prison time would result in an aggregate sentence of 18 months in prison. Additionally, the Supreme Court of Ohio has held that trial courts do not have the authority to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, ¶ 24, 134 N.E.3d 164. Here, the supervision sentence imposed by the federal courts, which is analogous to Ohio's community-control sanction, was imposed first. Although the Supreme Court of Ohio did not specifically address this issue, the logic in *Hitchcock* would apply and make it unreasonable for a trial court to impose a prison term consecutive to a community-control sanction.

**{¶4}** A review of the record and the brief filed by the State indicates that the sentence may have been intended to run consecutive to any prison time imposed at the violation hearing on November 1, 2021. The problem is that when this sentence occurred on October 6, 2021, any sentence from a future hearing was speculative. This Court recently reaffirmed prior holdings "that when a trial court orders a sentence to run consecutively to sentences that had not yet been imposed, the trial court has exceeded the authority granted to it by statute." *State v. Kavanaugh*, 3d Dist. Hardin No. 6-21-07, 2021-Ohio-4368 ¶ 7, citing *State v. Ferguson*, 3d Dist. Union No. 14-02-14, 2003-Ohio-866 and *State v. Sears*, 3d Dist. Wyandot No. 16-02-07, 2002-Ohio-6257. By imposing a sentence to run consecutive to one, which had yet to be imposed by another court, the trial court exceeded the scope of its statutory authority. For these reasons, the assignment of error is sustained.

**{¶5}** Having found prejudicial error to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hardin County is reversed and the matter is remanded for further proceedings in accordance with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**