[Cite as *State v. Blessett*, 2022-Ohio-4151.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 16-22-04

    v.

DEVANTAE S. BLESSETT,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 21-CR-0054

**Judgment Affirmed**

**Date of Decision: November 21, 2022**

APPEARANCES:

    *Emily P. Beckley* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Devantae S. Blessett ("Blessett"), brings this appeal from the May 13, 2022, judgment of the Wyandot County Common Pleas Court sentencing him to 36 months in prison after Blessett pled guilty to, and was convicted of, aggravated possession of drugs. On appeal, Blessett argues that his prison term was not supported by the record and that the trial court erred by ordering his prison term to be served consecutive to a prison term from another county.

*Background*

{¶2} On June 9, 2021, Blessett was indicted for possession of heroin in violation of R.C. 2925.11(A), a second degree felony (Count 1), and possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a fourth degree felony (Count 2). He originally pled not guilty to the charges.

{¶3} On February 1, 2022, Blessett entered into a written negotiated plea agreement wherein he agreed to plead guilty to Count 1, reduced and amended to aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree. In exchange for Blessett's guilty plea to the amended charge, the State agreed to dismiss Count 2 of the indictment and the parties agreed to jointly recommend a 36-month prison term. The plea agreement was presented to the trial court and then the trial court conducted a Crim.R. 11 colloquy with Blessett,

ultimately determining that he was entering a knowing, intelligent, and voluntary plea.

{¶4} On May 11, 2022, Blessett was sentenced to the jointly recommended prison term of 36 months. In addition, Blessett's prison term was ordered to be served consecutive to a prison term Blessett had recently received in Hancock County in an unrelated case. A judgment entry memorializing Blessett's sentence was filed May 13, 2022. It is from this judgment that Blessett appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**Appellant's sentence was not supported by sufficient evidence.**

**Assignment of Error No. 2**
**The trial court erred when sentencing appellant as the record does not support consecutive sentences and/or the consecutive sentence is contrary to law.**

*First Assignment of Error*

{¶5} In his first assignment of error, Blessett argues that his 36-month prison term was not "supported by sufficient evidence."

Standard of Review

{¶6} Pursuant to R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 459 (1954), paragraph three of the syllabus.

## Analysis

**{¶7}** Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is *not subject to review * * ** if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." (Emphasis added.)

**{¶8}** In this case there was an agreed, jointly recommended prison term that was imposed by the trial judge. The jointly recommended and imposed prison term was within the appropriate statutory range pursuant to R.C. 2929.14(A)(3)(b), and, in imposing the jointly recommended prison term, the trial court specifically stated that it had considered the factors pertaining to seriousness of the offense and other factors such as whether Blessett was likely to recidivate. The trial court thus complied with all the appropriate sentencing statutes and the sentence was authorized by law. Because the appropriate sentencing statutes were complied with and the prison term was jointly recommended, the sentence is not subject to review under R.C. 2953.08(D)(1). *State v. Carnicom*, 3d Dist. Henry No. 7-21-08, 2022-Ohio-987, ¶ 15.

**{¶9}** Moreover, even if the sentence was reviewable, the trial court considered the appropriate sentencing factors and provided reasoning supporting its sentence, such as Blessett's criminal history, even though the trial court was not required to state its reasoning. *State v. Shreves*, 3d Dist. Auglaize No. 2-16-11, 2016-Ohio-7824, ¶ 14. Thus even if we could review the sentence, Blessett could not demonstrate that it was clearly and convincingly contrary to law. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39 (discussing how under R.C. 2953.08(G)(2(b) there is no basis to modify or vacate a sentence based on the appellate court's view that the sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12). For all of these reasons, Blessett's first assignment of error is overruled.

*Second Assignment of Error*

**{¶10}** In his second assignment of error, Blessett argues that the trial court erred by ordering his prison term in this case to be served consecutive to his prison term imposed in a case from Hancock County.

Analysis[1]

**{¶11}** At the outset, we emphasize that Blessett does not argue in his brief that the trial court failed to make the appropriate findings pursuant to R.C. 2929.14(C)(4) in order to impose consecutive sentences. Rather, he contends that

---

[1] The same standard of review applied in the first assignment of error is applicable here as well.

the trial court erred by ordering that his sentence run consecutive to a sentence that, he now claims, had not actually been imposed yet, citing this Court's decision in *State v. Kavanagh*, 3d Dist. Hardin No. 6-21-07, 2021-Ohio-4368, as support.

**{¶12}** Blessett's contention on appeal that he had not been sentenced in Hancock County at the time of sentencing in this case is factually inaccurate and directly contrary to his own prior statement. At the sentencing hearing in this case Blessett specifically stated that he "got sentenced on the 25th of April" in the Hancock County case to "six to nine years." (May 11, 2022, Tr. at 6).

**{¶13}** Moreover, Blessett's attorney made a statement at the sentencing hearing indicating that the Hancock County case was complete when the attorney requested that the trial court run the sentence in this case concurrently with the sentence from Hancock County.[2] Based on these statements, Blessett cannot demonstrate by clear and convincing evidence that his sentence in Hancock County had not been imposed prior to sentencing in this matter.

**{¶14}** We have held in the past that a trial court exceeds its authority by sentencing a criminal defendant consecutively to a sentence that has not yet been imposed. *See Kavanagh*, *supra*. However, this case is entirely distinguishable from *Kavanagh* because the prison term in this case was ordered to be served consecutive to a prison term that had already been imposed by Blessett's own statement.

---

[2] By contrast, the State requested that the sentences run consecutively.

**{¶15}** In sum, the trial court made the requisite statutory findings to impose Blessett's prison term consecutive to his already-imposed prison term from Hancock County. Therefore, Blessett has not clearly and convincingly demonstrated that his consecutive sentences were contrary to law, and his second assignment of error is overruled.

*Conclusion*

**{¶16}** For the foregoing reasons, Blessett's assignments of error are overruled and the judgment of the Wyandot County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**