[Cite as *State v. Michalewicz*, 2015-Ohio-5142.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102605

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ALEXANDER MICHALEWICZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-577819-A and CR-13-577824-A

**BEFORE:** Stewart, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEY   FOR APPELLANT**

P. Andrew Baker
17877 St. Clair Avenue, Suite 150
Cleveland, OH 44110


**ATTORNEYS   FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Paul R. Racette
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Alexander Michalewicz appeals from an order terminating his community control and imposing consecutive prison terms. On appeal, Michalewicz complains that the court erred in denying him access to an Intensive Program Prison ("IPP") and that the record does not support the findings for consecutive sentences. We affirm the order of the trial court, but remand for the limited purpose of correcting the sentencing entry nunc pro tunc.

{¶2} In October 2013, Michalewicz entered guilty pleas in two separate cases: in Cuyahoga C.P. No. 13-557819-A, he pleaded guilty to breaking and entering and receiving stolen property, both fifth-degree felonies; in Cuyahoga C.P. No. 13-577824-A, he pleaded guilty to a single count of receiving stolen property, also a fifth-degree felony. Defense counsel explained to the court that Michalewicz, who was addicted to drugs, was high at the time that he committed the offenses and that he committed the offenses to support his habit.

{¶3} The court accepted the guilty pleas and sentenced Michalewicz to 36 months of community control. Certain conditions to community control required Michalewicz to enter and successfully complete a community based correctional facility program, successfully complete an inpatient drug treatment program, and submit to random drug testing. The sentencing order stated that if Michalewicz violated any of the conditions to community control, the court would terminate his community control and order him to serve consecutive 12-month prison terms on each conviction.

{¶4} On three separate occasions Michalewicz violated his community control. The basis for the first violation was the use of illegal drugs and fighting inside a community based correctional facility ("CBCF"). After finding that he violated community control, the court sentenced Michalewicz to six months in county jail in CR-13-557819-A, to be followed by

participation in an inpatient drug treatment program in CR-13-577824-A. Although the court did not impose prison terms for the violations as it said it would in the original sentencing order, the court warned that it would do so if Michalewicz violated the conditions again.

{¶5} Michalewicz violated the conditions a second time when he tested positive for illegal drugs a month after completing a residential drug treatment program. On this violation, the court ordered Michalewicz remanded for further drug treatment at an inpatient facility to be followed by placement in sober housing. The court again stated that it would send Michalewicz to prison for consecutive terms if he violated the conditions again.

{¶6} Following the third violation for possession of contraband, being absent without leave from an inpatient drug treatment facility, and an arrest for possession of a hypodermic needle following an overdose, the court ordered Michalewicz to consecutive 12-month prison terms at the Lorain Correctional Institution on all three charges. The court made the necessary findings for ordering consecutive service, *see* R.C. 2929.14(C)(4), and further established that it disapproved of Michalewicz's placement in an IPP.

{¶7} In his first assignment of error, Michalewicz contends that it was error for the court to order him ineligible for an IPP. On this point, Michalewicz argues that the trial court used an "invalid" reason for keeping him out of the program and therefore, did not make the proper sentencing findings for prohibiting an offender from participating in an IPP.

{¶8} Our review in this case is limited to whether the court's decision to deny Michalewicz participation in an IPP was contrary to law. *See generally* R.C. 2953.08 (evidencing that the only applicable standard of review is that contained in subsection (A)(4)).

{¶9} R.C. 5120.032(A) authorizes the Department of Rehabilitation and Correction to establish intensive program prisons that focus on, among other things, educational achievement,

vocational training, substance abuse, and community service. An eligible prisoner who successfully completes an IPP may be entitled to have his or her prison sentence reduced. R.C. 2929.19(A)(1)(b). The sentencing court is authorized to disapprove or approve of a prisoner's participation in an IPP, but if it chooses to do so, it must first make "a finding that gives its reasons for its recommendation or disapproval." R.C. 2929.19(D). Thus, if a court disapproves of placement in an IPP and fails to state a reason that comports with the R.C. 2929.19(D) mandate, then the court's disapproval is contrary to law.

{¶10} In this case, Michalewicz contends that the trial court's stated reason for keeping him out of the program was, "I don't think they watch you as closely as they should." Michalewicz complains that this is an "invalid" reason for denying him access to the program because it shows that the court has a general bias against IPPs. He argues that R.C. 2929.19(D) should be interpreted to require "specific reasons for disallowing an IPP for a specific defendant," and believes that the court's statement does not comply with the statute because it suggests that the court is going to refuse to allow IPPs as a matter of court policy in any case.

{¶11} We initially note that R.C. 2929.19(D) gives us no guidance for determining whether a court's stated reason could be deemed "invalid." The statute does not indicate that the court's findings must give a reason that is specific to the particular defendant, rather, the statute only states that the court must provide its reasons. And contrary to Michalewicz's interpretation, cases from other appellate districts seem to suggest that R.C. 2929.19(D) does not require the court to state specific reasons at all when disapproving of IPP placement. *See State v. Jackson,* 5th Dist. Knox Nos. 05CA46 and 05CA47, 2006-Ohio-3994, ¶ 13 (noting that the court may look at the record as a whole when determining whether the trial court complies with R.C. 2929.19(D)); *see also State v. Lowery*, 11th Dist. Trumbull No. 2007-T-0039,

2007-Ohio-6734, ¶ 16; *State v. Tucker*, 12th Dist. Butler No. CA2011-04-067, 2012-Ohio-50, ¶ 24–25.

{¶12} However, even if we were to assume, without deciding, that R.C. 2929.19(D) does require a trial court to state specific reasons for disallowing an IPP for a defendant, Michalewicz's argument would still fail because we are satisfied that the court complied with the statute. The following exchange occurred at Michalewicz's third community control violation hearing:

> The court: You are down pretty low but you are the one that's driving this. You are driving the bus. You are driving it right over the cliff. The only thing I can think of at this point is actually to try to prevent you from having any access to any drugs and that's actually prison. I think it's the best alternative for you in your case. Your desire to go and do drugs overwhelms any type of reasonable commitment you might have to your sobriety. * * * There will be no transitional control, IPP or early release.
>
> The defendant: No?
>
> The court: In other words, you are going to stay the whole time, because I want you to have the opportunity to get treatment there. I want you to be there as long as possible — be away from the stuff as long as possible. Maybe you will make an adequate change, I don't know, but you have to do something. * * * Quite frankly, it terrifies the court that somebody like you who is an intelligent person, that has a lot on the ball, puts themselves into this situation. I would help you to God's end if I thought I was getting some cooperation, but I'm not and that's where my fear lies.
>
> The defendant: You wouldn't consider if I get myself into the program, you wouldn't consider IPP or anything like that?
>
> The court: No. I'll tell you why, too. I don't think they watch you as close as they should.

{¶13} It is clear from the above exchange that the court's reason for disapproving placement in an IPP was its fear that Michalewicz would continue to be unreceptive to this type of program. The record is replete with specific factual findings concerning Michalewicz's

particular situation that provide its reasons for disapproving of placement in an IPP. These include the fact that the court found that Michalewicz's desire to do drugs "overwhelms" any reasonable commitment to sobriety and the fact that the court felt Michalewicz was not cooperating in his treatment.

{¶14} We believe that Michalewicz's counsel is reading the court's statement far too literally, while simultaneously taking the court's statement out of its factual context when making the argument that the court has a general bias against IPPs. The facts of this case present a repeat offender who struggles with drug addiction, and who violated his community control on three separate occasions. On one occasion, Michalewicz used drugs while at a CBCF, on another occasion, Michalewicz tested positive for drug use a month after completing treatment, and on the last occasion, Michalewicz went missing from an inpatient drug treatment facility and was arrested for being in possession of a hypodermic needle after having overdosed. Given Michalewicz's recalcitrance, we do not believe that the court's statement evidences a general dislike for IPPs, but rather evidences the court's concern that Michalewicz needed more supervision than an IPP might provide. We therefore overrule this assignment of error on the grounds that the court's decision to disapprove of IPP placement was not contrary to law.

{¶15} In his second assigned error, Michalewicz argues that the court erred by imposing consecutive sentences after the third community control violation. To this end, Michalewicz complains that the trial court committed reversible error by making the erroneous finding that he was under sanctions at the time he committed the underlying offenses. He also complains that the record does not support the findings because the court originally ordered community control and continued community control after two violations, thus undermining the propriety of consecutive prison terms. We find no merit to these arguments.

**{¶16}** At the final violation hearing, the court found that the consecutive sentences were necessary to punish the offender and that they were not disproportionate to his conduct and the danger he posed to the public. Therefore, the court satisfied the requirement of making the initial R.C. 2929.14(C)(4) findings for imposing consecutive sentences. To complete the order of consecutive sentences however, the court had to make one of the additional findings contained in subsections (C)(4)(a)–(c) of the statute. These findings are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶17}** We agree that the court made an erroneous finding pursuant to subsection (C)(4)(a) because the transcript from the plea hearing reveals that Michalewicz was not on community control, parole, or probation at the time he entered his plea. However, we find the error harmless because the court made the additional finding that Michalewicz's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. R.C. 2929.14(C)(4)(c). Therefore, the court made all of the necessary findings for imposing consecutive sentences and, contrary to what Michalewicz suggests, the inclusion of an erroneous finding is not reason to reverse an order of consecutive sentences when the court otherwise makes appropriate findings that are sufficient to sustain the order.

**{¶18}** Moreover, we cannot conclude that the record does not clearly and convincingly support the order of consecutive sentences. *See* R.C. 2953.08(G)(2)(a). In this case, Michalewicz pled guilty to breaking and entering and receiving stolen property in two separate cases. According to the transcript, these offenses and certain prior offenses, were committed to finance his pervasive drug addiction. Although the court originally chose to impose community control sanctions and to continue community control after two separate violations, it is clear from the transcript that the court's leniency was due in large part to its initial belief that Michalewicz would benefit more from drug treatment than prison, and that Michalewicz would commit himself to breaking his habit while in treatment. At no point did the court ever conclude, or even suggest, that the crimes, conduct, and criminal history of the offender were not serious enough to warrant consecutive sentences. Therefore, we do not find that the court's continued reliance on community control sanctions undermined the ultimate order of consecutive prison terms, nor does our independent review of the record lead us to conclude that the record clearly and convincingly does not support the order of consecutive sentences.

**{¶19}** We do, however, find that the court failed to include within its journal entry the findings for consecutive sentences. We therefore remand for the limited purpose of correcting the journal entry to reflect these findings. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.[1]

---

[1] Michalewicz has asked this court to also remand to the trial court to incorporate into the journal entry its findings for the denial of the IPP. We decline to do so in light of the fact that we can find no authority that requires such incorporation, and the fact that some appellate courts look to the record as a whole when determining whether the R.C. 2929.19(D) findings were made — an approach that inherently excludes incorporation into a journal entry.

**{¶20}** Judgment affirmed, but the case is remanded for the limited purpose of correcting the sentencing entry nunc pro tunc.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR