[Cite as *State v. Park*, 2022-Ohio-1524.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee             :     Appellate Case No. 2021-CA-41
                                           :
v.                                         :     Trial Court Case No. 2020-CR-43
                                           :
ALYSSA JO PARK                             :     (Criminal Appeal from
                                           :     Common Pleas Court)
    Defendant-Appellant            :
                                           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of May, 2022.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

RYAN S. MOORE, Atty. Reg. No. 0099846, 10 North Main Street, Suite 200, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Defendant-Appellant Alyssa (aka Allyssa) Jo Park pled guilty in the Champaign County Court of Common Pleas to possession of a fentanyl-related compound, endangering children, vandalism, and failure to appear. The trial court imposed an aggregate sentence of 30 months in prison and ordered her to pay restitution, a fine, and court costs.

**{¶ 2}** Park appeals from her conviction, claiming that her attorney rendered ineffective assistance by failing to request a presentence investigation report (PSI) prior to sentencing and that the trial court erred in imposing judgment without a PSI. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

**{¶ 3}** On March 2, 2020, Park was charged in a nine-count indictment with the following crimes: aggravated possession of drugs (Count 1); possession of cocaine (Count 2); possession of a fentanyl-related compound (Count 3); possession of heroin (Count 4); possession of drugs (Count 5); illegal use or possession of drug paraphernalia (Count 6); and three counts of endangering children (Counts 7-9). She was arraigned on the charges in January 2021, released on her own recognizance, and placed on house arrest with electronic monitoring. Park repeatedly violated the conditions of her bond.

**{¶ 4}** On March 1, 2021, Park was indicted on three additional charges: tampering with evidence (Count 10); vandalism (Count 11); and failure to appear (Count 12). A second count of failure to appear (Count 13) was added in April 2021. Park appeared for her arraignment on these four charges on October 7, 2021, at which time the parties informed the trial court that they had reached a plea agreement on all charges.

{¶ 5} The prosecutor articulated the terms of the plea agreement. The parties agreed that Park would plead guilty to possession of a fentanyl-related compound, a fifth-degree felony (Count 3); endangering children, a fourth-degree felony (Count 7); vandalism, a fifth-degree felony (Count 11); and failure to appear, a fourth-degree felony (Count 13). In exchange for her guilty pleas, the State would dismiss the remaining charges. Both parties agreed to waive a presentence investigation. In addition, Parks agreed to pay restitution of $2,399 to the Champaign County Pretrial Services Program, to forfeit certain property, and to pay court costs and any court-appointed legal fees that may be imposed. Defense counsel indicated that she had nothing to add, and Park stated that she wished to enter a guilty plea to the charges as stated by the prosecutor and defense counsel. The written plea agreement reflected the parties' orally-stated agreement.

{¶ 6} During the plea hearing, Park reiterated that she had agreed to waive a PSI. Plea Hearing at 13. She also expressed her understanding that the court could sentence her immediately if it accepted her guilty pleas. *Id.* at 16. At one point, Park informed the court that she was serving an 18-month prison term due to a Clark County conviction for having weapons while under disability.

{¶ 7} The trial court accepted Park's guilty pleas and proceeded immediately to sentencing. Prior to imposing sentence, the trial court first addressed two bond violations based on Park's failure to appear at the bond review hearing on February 9, 2021, and the final pretrial conference on March 15, 2021. Park admitted to the violations, and the trial court indicated that the violations would be considered as

sentencing factors, along with two prior bond violations. The prosecutor informed the court that Park had committed the offense of having weapons while under disability while on bond.

{¶ 8} The trial court then heard from the prosecutor and defense counsel on sentencing. The prosecutor provided four exhibits to the court: (1) a law enforcement narrative for this case, (2) Park's criminal history record, (3) the law enforcement narrative from her 2021 Clark County case, and (4) the Dayton Police Department narrative from her 2016 endangering children conviction. The State recommended a sentence of 24 to 36 months, to be served consecutively to her Clark County conviction. It argued that Park was not amenable to community control because she committed the drug and endangering children offenses while on probation with the Champaign County Municipal Court for a drug offense, and she committed the vandalism and failure to appear offenses while on bond. The prosecutor pointed out that Park had repeatedly violated bond by testing positive for drugs and absconding. Finally, the prosecutor asserted that Park's conduct had escalated, noting that in the Clark County case, Park had possessed drugs, drug paraphernalia, and a firearm.

{¶ 9} The prosecutor acknowledged that Park was "relatively young" and had never received residential treatment. However, the State emphasized that Park had used drugs and overdosed with three young children present, including a toddler, and her young nieces had to call family members for help. Park's 2016 endangering children conviction involved her overdosing in a vehicle while her infant son was in the back seat. The prosecutor argued that Park's conduct was more serious than less serious, that she

was more likely to recidivate, and that consecutive sentences were appropriate.

{¶ 10} Defense counsel agreed that Park had "had a number of difficulties while on bond with this Court." However, counsel argued that the "sole and core reason" for these issues was Park's serious drug addiction. Counsel asserted that Park "absolutely needed to be in treatment," and she asked the trial court to consider a sentence of 18 months to be served concurrently with the Clark County sentence.

{¶ 11} Defense counsel discussed Park's bond violations. Counsel described the issues Park had with her housing and said that "because she's a drug addict she was using again and in a very bad choice relationship." Park's boyfriend had convinced her to cut off her ankle monitor so he could leave and bring her with him, but Park understood that she should not have done that. Counsel further emphasized that, although Park was charged with a weapons offense in Clark County, no one was hurt as part of that incident.

{¶ 12} Defense counsel told the trial court that she had gotten to know Park, and Park had had a difficult time "dealing with not having her children, trying to remain sober, trying to do what she needs to do all the while not really having a strong support system to get those things done." Park was prepared to serve time, but counsel asked the court to impose concurrent sentences "to allow her an opportunity to get out sooner and to get into some type of a treatment program. An inpatient somewhere because I think she really needs it." Counsel said that Park was currently clean and the goal was to remain clean so she could build a relationship with her children.

{¶ 13} Park declined to speak on her own behalf, saying, "I think she said it all."

{¶ 14} The trial court then asked Park about the chances the court had given her while on bond. Park responded that she was in a "downward spiral during my addiction. And when I'm doing that, I don't really think. My head isn't in the right place." The court stated that it kept trying to work with her, and the prosecutor had laid out nicely why she was not amenable to community control. Park said that she understood why she would be receiving a prison sentence, and went so far as to say that she was "grateful for [her] prison sentence." The court told Park that it wanted to her to realize that "this occurred because you wanted out [of jail]."

{¶ 15} In imposing sentence, the court stated that it had considered the State's exhibits, the statements of counsel, and the court's interaction with Park. After making various findings, the trial court imposed a combination of concurrent and consecutive sentences totaling 30 months in prison, to be served consecutively to the sentence in the Clark County case. The court ordered her to pay a $250 fine, restitution of $2,399, and court costs.

{¶ 16} Park appeals from her conviction, raising one assignment of error.

## II. Failure to Request a Presentence Investigation

{¶ 17} In her sole assignment of error, Park claims that "the trial court erred to the prejudice of Park by rendering a judgment entry of conviction and sentence when defense counsel was ineffective when she failed to request a pre-sentence investigation report (PSI) prior to sentencing."

{¶ 18} We find no error in the trial court's imposition of sentence without a PSI. Under the current versions of R.C. 2951.03 and Crim.R. 32.2, the trial court in a felony

case must order and consider a presentence investigation report before imposing community control sanctions, *unless* the defendant and the prosecutor agree to waive the presentence investigation report. R.C. 2951.03 (effective Sept. 14, 2016); Crim.R. 32.2 (effective July 1, 2017). "The decision to order a presentence investigation generally lies within the sound discretion of the trial court if the court contemplates a prison term and not community control in sentencing upon a criminal offense." *State v. McCauley*, 5th Dist. Licking No. 19-CA-84, 2020-Ohio-2813, ¶ 43, citing *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988).

{¶ 19} In this case, the parties waived a presentence investigation, both orally and in writing, and Park reiterated during the plea hearing that she was waiving a PSI and understood that the court could proceed immediately to sentencing. Due to this waiver, the trial court was permitted to consider either community control or a prison sentence without a PSI. In addition, given the exhibits provided by the State and Park's behavior during the pendency of the case, the trial court could have reasonably concluded that it had sufficient information upon which to determine an appropriate sentence, even in the absence of a PSI. The trial court concluded that a prison sentence was appropriate, and we find no error in the court's imposition of a prison term in the absence of a PSI.

{¶ 20} Park further argues that her defense counsel rendered ineffective assistance when she failed to request a PSI prior to sentencing.

{¶ 21} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable

probability that, but for the errors, the outcome of the case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.). Trial counsel is also entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 22} In her appellate brief, Park asserts that her trial counsel acted deficiently in failing to request a PSI, because "the trial court would have surely benefitted by having more information about Ms. Park to aid it in imposing either a shorter prison term, or allowing her to engage in inpatient treatment, which she has never done before." Park emphasizes that the parties did not agreed to a particular sentence, "which in turn left the court with no options to consider except for prison." Park cites to *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, in which the Ohio Supreme Court held that "[a] trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." *Id*. at ¶ 16.

{¶ 23} Park's arguments are unavailing. First, *Amos* was decided prior to the most recent amendments to R.C. 2951.03(A)(1) and Crim.R. 32.2. When *Amos* was rendered, both provisions required the trial court to order a PSI prior to placing a felony

defendant on community control. *See* former Crim.R. 32.2 ("In felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions * * *."); former R.C. 2951.03(A)(1) ("No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court."). The current versions require a PSI before imposing community control sanctions *unless* the defendant and prosecutor agree to waive the PSI. Accordingly, Park's waiver of the PSI – and defense counsel's failure to request one – did not limit the trial court's ability to consider community control sanctions.

{¶ 24} Park argues that the PSI would have provided additional information from which the trial court might have imposed a more lenient sentence or community control. However, the record does not indicate what additional information would have been included in the PSI or how that information would have been beneficial to Park. Because such information is outside the record, Park's ineffective assistance of counsel claim is not properly raised on direct appeal. *See State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744, ¶ 34 ("A claim of ineffective assistance of counsel cannot be raised on direct appeal if it relies on evidence outside the record."). We further note that the trial court had substantial information about Park, including her criminal history, law enforcement narratives for this case and two prior cases, and her history of bond violations in this case. The record further reflects that Park had taken college courses and previously held employment. On the record before us, the waiver of the PSI could have been reasonable trial strategy, and Park has not demonstrated a sufficient

probability that her sentence would have been different had a PSI been requested.

**{¶ 25}** Park's assignment of error is overruled.

### III. Conclusion

**{¶ 26}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Samantha B. Whetherholt
Ryan S. Moore
Hon. Nick A. Selvaggio