[Cite as *State v. Tillis*, 2023-Ohio-673.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

          Plaintiff-Appellee,

- vs -

CAMERON D. TILLIS,

          Defendant-Appellant.

CASE NO. 2022-T-0072

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 01103

---

**O P I N I O N**

Decided: March 6, 2023
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dennis Day Lager*, 1025 Chapel Ridge, N.E., Canton, OH 44740 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Cameron D. Tillis, appeals from his convictions and sentence for Having Weapons While Under Disability and Possession of Cocaine in the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On March 15, 2022, the Trumbull County Grand Jury indicted Tillis for Having Weapons While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3), and Possession of Cocaine, a felony of the third degree, in violation of

R.C. 2925.11(A) and (C)(4)(c), with a forfeiture specification.

{¶3} On May 19, 2022, Tillis entered a plea of guilty to the foregoing charges. Pursuant to the written plea agreement, Tillis waived a presentence investigation and the State and Tillis agreed to a jointly recommended sentence of 18 months on each count, to run concurrently. At the plea hearing, the court advised Tillis, inter alia, of the rights he waived by entering a plea. This included the following advisement: "First and foremost, you have a right to a trial by a jury of your peers, which means 12 people from Trumbull County would have to sit in that jury box over there and listen to all of the evidence that the State would present against you at trial and those 12 citizens would have to unanimously agree that you're guilty of both crimes. By changing your pleas today, you are going to be waiving your right to a trial by jury." At the conclusion of the plea hearing, the court recognized that Tillis indicated he was willing to waive a presentence investigation and proceed directly to sentencing. Defense counsel stated that Tillis wished to be sentenced on the present matter but wanted to remain in Trumbull County pending a subsequent Aggravated Murder trial in Trumbull County Court of Common Pleas Case No. 2021 CR 026. It was agreed that sentencing would be scheduled for a date subsequent to the resolution of the Murder case.

{¶4} The sentencing hearing was held on June 30, 2022. The prosecutor indicated that the parties had agreed to an 18-month sentence and did not "contemplate concurrent or consecutive" to the "Murder sentence." Defense counsel indicated that Tillis entered a plea in Case No. 2021 CR 026 and received a prison sentence of 25 years. Counsel requested the court order the 18-month agreed sentence for the present matter and "consider that concurrent to the other case." The court ordered Tillis to serve a term

2

of 36 months in prison for Having Weapons While Under Disability and a consecutive sentence of 18 months for Possession of Cocaine, for an aggregate sentence of 54 months. The court further ordered that this sentence be served consecutively with the term in Case No. 2021 CR 026.

{¶5} Tillis timely appeals and raises the following assignments of error:

{¶6} "[1.] The trial court committed prejudicial and reversible error by failing during [the] plea colloquy with defendant to properly advise him of the jury trial right he would be waiving and giving up by entering a plea of guilty to charges indicted against him, all as required and mandated by Ohio Crim.R. 11(C).

{¶7} "[2.] The trial court committed prejudicial and reversible error by fashioning and ordering a sentence that was invalid, contrary to law and not supported by the record.

{¶8} "[3.] The trial court committed prejudicial and reversible error by committing cumulative errors at the plea and sentencing stage of proceedings, which thereby denied defendant-appellant due process of law."

{¶9} In his first assignment of error, Tillis argues that the trial court provided a definition and explanation of a jury trial that was "fundamentally wrong, misrepresentative and mis-informative" and thereby failed to comply with Crim.R. 11.

{¶10} "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

{¶11} In a felony case, "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally" and complying with the requirements to determine the voluntary nature of the plea and that the defendant understands the

3

charges and maximum penalty; informing the defendant of the effect of his plea and that the court may proceed to judgment and sentencing; and advising the defendant of rights waived by entering the plea. Crim.R. 11(C)(2)(a)-(c). These include "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c). A trial court must "strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant" of the constitutional rights contained therein or his plea is rendered invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

{¶12} While strict compliance is required, such compliance is "not literal." *State v. McDaniel*, 11th Dist. Portage No. 2017-P-0098, 2020-Ohio-7003, ¶ 12, citing *Veney* at ¶ 29. "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus; *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 17 ("[w]e have never mandated that a trial court use particular words in order to comply with Crim.R. 11(C)(2)(c)").

{¶13} Here, Tillis contends that the court, when advising him of the right to a jury trial, gave a description that was a "Cliffs Notes version" and was inaccurate. There is no requirement that a court give an extensive explanation of the right to a jury trial. It is

4

sufficient that the defendant is apprised of the rights being waived. The court advised Tillis specifically that he had the "right to a trial by a jury of your peers," which conveys the required right to a jury trial. Further, we fail to see how the explanation given by the court was "fundamentally wrong" or "mis-informative," as Tillis claims. The court indicated that the right to a trial by jury means "12 people from Trumbull County would have to sit in that jury box over there and listen to all of the evidence that the State would present against you at trial and those 12 citizens would have to unanimously agree that you're guilty of both crimes." It is accurate that a jury consists of twelve members who listen to the evidence presented by the State and must reach a unanimous verdict. We hold that this explained the right "in a manner reasonably intelligible" to Tillis. Tillis cites no authority supporting a conclusion to the contrary.

{¶14} We agree with Tillis that, "[i]f a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 39 ("[t]he fact that the trial court provided some correct information as well does not alter this conclusion, because the [correct] information was not provided in such a manner as to remedy the erroneous information"). However, we find the information conveyed was accurate, as discussed above. Tillis argues that the right to a jury trial was not reasonably intelligible to him because the court's expanded explanation conveyed the idea that only the State would be able to present evidence, rendering a trial fruitless. The fact that the court specified that it hears evidence from the State was merely an indication that the State is required to prove the charges. It is not a reasonable interpretation to infer that the advisement meant such trial would not be fair, particularly since the description of the

5

right to a jury trial was also followed by accurate advisements that the State had to prove the charges beyond a reasonable doubt, that Tillis' counsel could cross-examine witnesses, and that Tillis could subpoena witnesses and evidence.

{¶15} The first assignment of error is without merit.

{¶16} In his second assignment of error, Tillis raises arguments relating to the trial court's order of consecutive sentences.

{¶17} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 [or] * * * [t]hat the sentence is otherwise contrary to law." *Id.*

{¶18} First, Tillis argues that the court's order that he serve his sentence consecutive with that ordered in Trumbull County Case No. 2021-CR-00026 was made in error since, although the sentence in Case No. 2021-CR-00026 was ordered at a June 21 sentencing hearing, it was not journalized in an entry until July 22, 2021, after the sentencing in the present matter. He contends that since a court speaks through its judgment entries and the sentence in Case No. 2021-CR-00026 was not entered in a written judgment until after the sentence in the present matter, the consecutive sentence was an improper sentence "in futuro" which is prohibited under the law.

{¶19} We initially note that the State argues the judgment entry presented by Tillis

6

to demonstrate the date of the sentencing in Case No. 2021-CR-00026 was not part of the record before the lower court, a fact which is necessarily true since Tillis' argument is centered around the fact that the entry was issued after the date of sentencing in this matter. Assuming, arguendo, that the entry in Case No. 2021-CR-00026 was entered after the sentencing entry in this case, as the State concedes is the case, we find Tillis' argument to lack merit.

{¶20} "[T]he grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro.*" *State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985). "When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code." *Id.* at 342-343. (finding that "the Delaware County court has exceeded the authority granted it by the General Assembly by ordering its sentence to run consecutively with a sentence that had not yet been imposed by the Clermont County court").

{¶21} Tillis argues that the foregoing law applies because although a verbal pronouncement of sentence in Case No. 2021-CR-00026 was made prior to sentencing in the present matter, failure to place it in an entry means the sentence was not yet imposed. In support, he cites *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997), for the proposition that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." (Citations omitted.)

7

*Id.* at 337; Crim.R. 32(C) ("[a] judgment is effective only when entered on the journal by the clerk").

{¶22} It has been recognized, in circumstances relating to motions to withdraw a plea, that "[a]lthough it is true that courts generally speak only through their journal entries, * * * the terms 'imposition of sentence' and 'sentence is imposed' in the pertinent Rules of Criminal Procedure have a different meaning than journalization of the sentence." (Citation omitted.) *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 28. Imposition of sentence is the act of the court's deciding and stating the sentence which the defendant will serve. In contrast, journalizing a sentence is the act necessary for the purposes of creating a final, appealable order. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 23; Crim.R. 32(C) (a judgment becomes effective when it is entered on the journal).

{¶23} Such an interpretation is logical in the present circumstances as well. The Supreme Court found that a sentence could not be ordered before a sentence in another case had been "imposed," not placed in a judgment entry or journalized. The imposition of the sentence at the time of the sentencing hearing evidenced the court's intention to give such a sentence. More importantly, in these circumstances, where both parties concede the same judge sentenced Tillis in both matters, the court did not "interfere[] with the discretion granted the second trial judge to fashion an appropriate sentence," which was the rationale behind the Supreme Court's holding that a court could not order a sentence to be served consecutively with a future sentence. *White*, 18 Ohio St.3d at 342-343, 481 N.E.2d 596.

{¶24} Next, Tillis argues that the court's consecutive sentencing findings were not

8

supported by the record. Specifically, he contends that the court did not give reasons for its findings and that its finding that Tillis was "on some type of community control" is unsupported by the record, observing that no PSI was conducted which would demonstrate whether he was actually on community control.

{¶25} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. These factors are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶26} To reverse the consecutive sentencing findings, this court must clearly and convincingly find they are unsupported by the record. R.C. 2953.08(G)(2). "'[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings.

9

Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.'" (Citation omitted.) *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 23; *State v. Forsell*, 11th Dist. Portage Nos. 2019-P-0116, et al., 2020-Ohio-5381, ¶ 15. This standard has been characterized as "extremely deferential." *Forsell* at ¶ 15. There must be an "evidentiary basis" that is "adequate to fully support the trial court's consecutive-sentence findings." *State v. Gwynne*, __ Ohio St.3d __, 2022-Ohio-4607, ___ N.E.3d __, ¶ 29. "This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. An appellate court may not, for example, presume that because the record contains *some* evidence relevant to and not inconsistent with the consecutive-sentence findings, that this evidence is enough to fully support the findings." *Id.* In evaluating consecutive sentences, the appellate court is "authorized to substitute its judgment for the trial court's judgment if [it] has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences." *Id.*

{¶27} The trial court made the following findings at the sentencing hearing: consecutive sentences are "necessary to protect the public from future crimes by the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct; the offenses were committed while on some type of community control; the conduct of the Defendant indicates that a single prison term would not adequately reflect the seriousness of the conduct; the Defendant's long criminal history demonstrates consecutive sentences * * * are necessary to protect the public." The court included these findings in its sentencing entry, although stating more broadly that

10

"defendant committed one or more of the multiple offenses while [a]waiting trial or sentencing or was under community control sanctions or was on post release control." The entry also found that "two of the multiple offenses were committed as part of the same course of conduct and the harm caused by two or more of the multiple offenses so committed was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct."

{¶28} It is accurate that the court did not discuss the reasons for these findings. However, "the sentencing court is not required to state exact reasons supporting its [consecutive sentencing] findings." *State v. Gibbs*, 11th Dist. Ashtabula No. 2022-A-0042, 2022-Ohio-4792, ¶ 66. This court must determine not whether reasons were given to support the findings but whether there is "some evidentiary support in the record for the consecutive-sentence findings that the trial court made" and that the "evidentiary basis * * * be adequate to fully support the trial court's consecutive-sentence findings." *Gwynne* at ¶ 28-29. A review of the record demonstrates there is an adequate evidentiary basis to support the trial court's findings.

{¶29} At the sentencing hearing, the trial court made findings that the sentences were not disproportionate to Tillis' conduct and that such sentences were necessary to protect the public, also specifically finding that his criminal history necessitated the sentence to protect the public. The crime in the present matter arose from possession of a loaded semi-automatic handgun which was impermissible due to a prior felony conviction. While in possession of the firearm, Tillis was also in possession of in excess of five grams of cocaine. The prosecutor advised the court at the plea hearing, when asked about Tillis' record: "the Defendant has a prior felony Possession of Drugs;

11

Domestic Violence, M-1. Looks like a Receiving Stolen Property, F-4; Possession of Drugs, F-5." It was discussed at the plea hearing that Tillis also had a pending Aggravated Murder case in Trumbull County and, at the sentencing hearing, it was indicated: "The Court saw fit to hold off on imposing that sentence because the Defendant had an indictment for Murder pending. He has since pled. I spoke to Attorney Becker today, Attorney Becker advised 25 to 30-and-a-half on the Murder." The multiple felony charges support a finding that Tillis' history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime.

{¶30} Tillis contends that it was not clear from the prosecutor's recitation of his prior offenses whether he had two separate prior drug offenses. The prosecutor read out several offenses and there is no reason to believe they were not separate convictions. While Tillis questions the prosecutor's "source of information" for these charges, we find nothing demonstrating the prosecutor's lack of knowledge of or investigation into Tillis' prior record. It is evident he had a prior felony offense which allowed for the charge of Having Weapons While Under Disability and it is unquestioned and conceded by Tillis that he was charged with Murder and ultimately convicted of Involuntary Manslaughter in the case proceeding at the same time as the present matter.

{¶31} Tillis argues that the charge to which he pled in Case No. 2021 CR 026 was Involuntary Manslaughter but counsel discussed it as Murder during the sentencing hearing in the present matter. The parties did discuss the Murder charge at the plea hearing and referenced at the sentencing hearing that Tillis entered a plea in the Murder case, leading to a sentence of 25-years to life, without specifying the charge to which he pled. It is noteworthy that these matters were held before the same court and judge, who

12

presumably was aware of the charge to which the plea was entered. Nonetheless, even if it were unclear, the sentencing court is permitted to consider charges against a defendant in ordering consecutive sentences even if a defendant is not ultimately convicted of such charges. *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 140 ("R.C. 2929.14(C)(4)(c) does not limit the trial court's review to an offender's history of criminal *convictions*"); *State v. Esmail*, 7th Dist. Columbiana No. 13 CO 35, 2014-Ohio-2297, ¶ 11 ("a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal"). The court was permitted to consider that he had been charged with Murder and the 25-year sentence further indicates the seriousness of the matter, although the facts relating to that case are not in the record here.

{¶32} Tillis also argues that the court made the finding that he was "on some type of community control" in error, as there is nothing in the record to support this finding. We agree that the record does not demonstrate whether Tillis was on community control when the offenses were committed. At the plea hearing, the court asked if Tillis was presently on community control, to which he responded in the negative. Nothing else appearing in the record addresses this issue.

{¶33} Presuming that this finding was made in error, it does not warrant reversal. The court made the required findings in R.C. 2929.14(C)(4) relating to the necessity of protecting the public/to punish the offender, that the sentence was not disproportionate to the seriousness of the conduct and to the danger posed, and was required to make only one of the findings in R.C. 2929.14(C)(4)(a)-(c). *See State v. Wauer*, 11th Dist. Trumbull No. 2016-T-0043, 2017-Ohio-1337, ¶ 27 ("the plain language of the statute

13

requires that only one of these three elements need be found, which is evident from the statute's use of the word 'any'"). The court also made a valid finding, both at the sentencing hearing and in the sentencing entry, that Tillis' history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime pursuant to (C)(4)(c). This court has held that, where findings are made on multiple grounds under (C)(4)(a) through (c), if a finding on one ground is "erroneous, any such error was harmless since the trial court also made a finding [on another ground] that is supported by the record." *Russell* at ¶ 15; *State v. Michalewicz*, 8th Dist. Cuyahoga No. 102605, 2015-Ohio-5142, ¶ 17 ("the inclusion of an erroneous finding is not reason to reverse an order of consecutive sentences when the court otherwise makes appropriate findings that are sufficient to sustain the order").

{¶34} We finally observe that to the extent Tillis takes issue with the lack of a presentence investigation report, he waived it in the written plea agreement and it is not required where community control is not ordered. There were discussions at the plea hearing about whether a PSI would need to be conducted to keep Tillis in Trumbull County to prepare for his Murder trial. Defense counsel inquired whether the PSI would be completed but this inquiry was in relation to its necessity in order to keep him in Trumbull County. The trial court indicated it was not necessary. We do not find that the failure to complete a PSI was an error. *See State v. Park*, 2d Dist. Champaign No. 2021-CA-41, 2022-Ohio-1524, ¶ 18 (a PSI is not required where community control is not ordered or where it is waived by the defendant and prosecutor).

{¶35} The second assignment of error is without merit.

{¶36} In his third assignment of error, Tillis argues that his plea, convictions, and

14

sentence should be set aside due to the cumulative effect of errors committed by the trial court.

{¶37} Under the doctrine of cumulative error, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial, even though each of the numerous errors does not individually constitute cause for reversal." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 257. "[M]ultiple errors that are separately harmless may, when considered together, violate a person's right to a fair trial in the appropriate situation." *State v. Goff*, 82 Ohio St.3d 123, 140, 694 N.E.2d 916 (1998).

{¶38} We do not find in the present matter that there were multiple errors that resulted in an outcome different than would have otherwise occurred. Tillis was not denied the right to fair proceedings.

{¶39} The third assignment of error is without merit.

{¶40} For the foregoing reasons, Tillis' convictions and sentence for Having Weapons While Under Disability and Possession of Cocaine in the Trumbull County Court of Common Pleas are affirmed. Costs to be taxed against appellant.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

15

Case No. 2022-T-0072