[Cite as *State v. Tinker*, 2024-Ohio-1740.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

HEATHER ANN TINKER,

      Defendant-Appellant.

**CASE NO. 2023-A-0068**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00395

---

## O P I N I O N

Decided: May 6, 2024
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Heather Ann Tinker, appeals from the judgment of the Ashtabula County Court of Common Pleas, sentencing her for Tampering with Evidence, Obstructing Justice, and Gross Abuse of a Corpse. For the following reasons, we affirm the judgment of the lower court.

{¶2} On October 22, 2021, Tinker was indicted by the Ashtabula County Grand Jury for Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (2); Obstructing Justice, a felony of the third degree, in violation of

R.C. 2921.32(A)(5); and Gross Abuse of a Corpse, a felony of the fifth degree, in violation of R.C. 2927.01(B).

{¶3} A trial was held in 2022. Evidence was presented that Tinker's boyfriend, Daniel Taylor, killed his roommate, Crystal Garney, and pled guilty to murder. Testimony demonstrated that after the murder, Tinker assisted in moving and hiding Garney's body by bringing plastic to Taylor to wrap up her body and by helping Taylor place the body in the back of a truck. It further established that Tinker was present when Garney's body was placed in a wooded area and covered with pallets. Testimony established that Tinker denied knowledge of Garney's death when questioned by police and made statements regarding her whereabouts that were inconsistent with other evidence.

{¶4} A sentencing hearing was held on October 12, 2022. Defense counsel stated Tinker maintained she had not committed the acts for which she was found guilty but accepted the verdict. Counsel argued she had "minimal" involvement in the crime, no felony adult criminal record, and has struggled with substance abuse. Tinker's friend testified regarding her character. The victim's daughter spoke and emphasized the fear of not knowing where her mother was for five days. She expressed anger about Tinker dumping the body and then returning to the victim's house to make breakfast. The victim's ex-husband discussed the pain that had been caused to her children and her parents. The State requested the maximum sentence. The court found that Tinker was unremorseful and took note of the "cold-blooded" nature of the murder. It ordered Tinker to serve consecutive terms for the offenses.

{¶5} Tinker appealed her sentence. On appeal, this court held that the trial court failed to make all of the required consecutive sentencing findings at the sentencing

2

hearing, vacated the sentence, and remanded with instructions for the court to resentence Tinker and make required statutory findings if consecutive sentences were ordered. *State v. Tinker*, 2023-Ohio-3216, 224 N.E.3d 579, ¶ 23 (11th Dist.).

{¶6} A resentencing hearing was held on October 18, 2023. The defense renewed its argument on sentencing and Tinker spoke on her own behalf, stating that she was remorseful for the victim and for the fact that Tinker's family now has to take care of her children. Tinker indicated that her boyfriend had convinced her that he had not killed the victim and did not know the seriousness of the incident until it was too late. The State requested that the court take notice of the statements of the victim's family from the prior sentencing and reimpose its sentence.

{¶7} The court indicated that Tinker had shown no remorse during the trial and sentencing and "seemed to think it was a big waste of your time." In issuing its sentence, it reviewed the facts of the crime, including the manner in which the body was disposed, left beside railroad tracks with pallets piled on her, and the fact that Tinker returned to the victim's house, spent the night there, and "made breakfast like it was no big deal." It emphasized her dishonesty while the family was trying to locate the victim.

{¶8} The court ordered Tinker to serve a term of three years in prison for Tampering with Evidence, three years for Obstructing Justice, and one year for Gross Abuse of a Corpse, to be served consecutively for a total term of seven years. At the sentencing hearing, the court found multiple offenses were committed as a course of conduct and caused great and unusual harm, "that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Tinker's] conduct; and all of that is necessary to punish [her], all of that is

3

necessary to protect the public." The court issued a Judgment Entry memorializing its sentence and including consecutive sentencing findings.

{¶9} Tinker timely appeals and raises the following assignment of error:

{¶10} "The record did not support the consecutive sentence findings that were made."

{¶11} Tinker argues that the record did not support the consecutive sentencing findings made by the trial court, arguing that there "is little, if any evidence" supporting consecutive sentences given her limited criminal history, the fact that her boyfriend committed the murder, and her expression of remorse.

{¶12} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and 'clearly and convincingly f[ound] either * * * [t]hat the record does not support the sentencing court's findings under [certain statutes including R.C. 2929.14(C)(4)]' or 'that the sentence is otherwise contrary to law.'" *State v. Jones*, __ Ohio St.3d __, 2024-Ohio-1083, __ N.E.3d __, ¶ 13, citing R.C. 2953.08(G)(2); *State v. Marcum,* 146 Ohio St.3d 51, 2016-Ohio-1002, 659 N.E.3d 1231, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes").

{¶13} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the

4

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent R.C. 2929.14(C)(4)(a)-(c) factor here is (b): "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct."

{¶14} "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.'" *State v. Elliott*, 11th Dist. Trumbull No. 2021-T-0045, 2023-Ohio-412, ¶ 9, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "The trial court has no obligation * * * to engage in a 'word-for-word recitation' of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record." (Citation omitted.) *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 27 (11th Dist.).

{¶15} As an initial matter, Tinker does not challenge that the court made the required findings for ordering consecutive sentences. We observe that the court made additional findings on remand. At the resentencing hearing, it made the R.C. 2929.14(C)(4)(b) finding and found that the sentences were necessary to protect the public and punish the offender. While it did not make a specific finding at the hearing that the sentence was not disproportionate to Tinker's conduct and the danger posed, its findings on this issue were discernable from the record. *Cozzone* at ¶ 27. This court has

5

found the proportionality requirement satisfied where the court demonstrated that it considered the proportionality of consecutive sentences by "look[ing] at the conduct of the defendant in committing the offense and weighed it with other factors, including his lack of remorse." *State v. Campbell*, 11th Dist. Trumbull No. 2023-T-0041, 2023-Ohio-4597, ¶ 14.

{¶16} We further hold that the court's consecutive sentencing findings were supported by the record. Multiple offenses were committed in a course of conduct of hiding the murder of the victim and misleading police. Evidence was in the record as to the impact of these crimes on the victim's family, who were attempting to locate her after she had been killed. The nature of the offenses, involvement in moving the body and lying to the police to avoid detection, showed a disregard for the victim and her family and demonstrated a danger to the community, particularly when considered in conjunction with Tinker's past criminal record and the lack of remorse the court found she exhibited.

{¶17} Tinker argues that the consecutive sentences were improper given her lack of a felony record and that this "was her first serious encounter with the courts." According to the PSI, she has several prior misdemeanor convictions for Harassment, Possession of Drugs, and Possession of Drug Paraphernalia, in addition to multiple drug-related charges which were subsequently dismissed but are properly considered. *See State v. Tillis*, 2023-Ohio-673, 210 N.E.3d 25, ¶ 31 (11th Dist.) (the sentencing court is permitted to consider charges against a defendant in ordering consecutive sentences even if a defendant is not ultimately convicted). The fact that she has several misdemeanors was a relevant consideration in determining the danger she poses to the public and the court noted her record at the sentencing hearing. Further, that she did not commit prior felonies

6

did not preclude a finding that consecutive sentences were warranted. *See State v. Hoyle*, 11th Dist. Lake No. 2022-L-103, 2023-Ohio-3217, ¶ 25 (a criminal record consisting only of misdemeanors did not prohibit the order of consecutive sentences).

**{¶18}** Tinker also argues that she expressed remorse for her actions. While it is accurate that she apologized at the resentencing hearing, the court did not find her remorse to be genuine, finding that she showed no remorse at her trial and sentencing and "seemed to think it was a big waste of [her] time." "[T]he trial court is in the best position to determine the genuineness of the remorse expressed by a defendant." *State v. Anthony*, 2019-Ohio-5410, 151 N.E.3d 13, ¶ 151 (11th Dist.). The court's finding that there was a lack of remorse was not unsupported by the record and was a relevant consideration in its consecutive sentencing analysis. *See State v. Moore*, 6th Dist. Erie No. E-22-051, 2023-Ohio-3834, ¶ 26 (defendant's "lack of remorse and refusal to take responsibility for his actions * * * are appropriate factors to consider in the consecutive-sentence calculus").

**{¶19}** Finally, Tinker argues that she did not commit the murder and "she had been convinced by her boyfriend that the victim was not actually dead." The court made specific findings, and the record indicated, that the seriousness of the offense was not just committing the murder but also removing and hiding the body and being dishonest with police, delaying discovery of the victim's death. To the extent she argues she was convinced the victim was not dead, she was convicted for assisting in moving the victim's body, indicating awareness of the victim's death. She gave statements to police after the body had been moved which were inconsistent with other evidence gathered by police, hindering the investigation and causing harm to the victim's family. These facts supported

7

the consecutive sentences.

{¶20} The sole assignment of error is without merit.

{¶21} For the foregoing reasons, Tinker's consecutive sentences for Tampering with Evidence, Obstructing Justice, and Gross Abuse of a Corpse in the Ashtabula County Court of Common Pleas are affirmed. Costs to be taxed against appellant.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

8